Beal *v.* Morton.

*Per Curiam.*—The judgment below is affirmed, with costs and one per cent. damages.

*Charles Tyler*, *J. E. McDonald* and *A. L. Roache*, for the appellants.

*Joseph Ristine*, for the appellee.

---

BEAL *v.* MORTON.

On *September* 28, 1861, the office of judge of the 12th Common Pleas District became vacant by the resignation of Judge *Coburn*, and on *October* 8, 1861, *Mr. Beal* received the largest number of votes cast for that office by the voters of the District, at the general election

Beal *v.* Morton.

holden on that day, and no notice had been given to the voters of the District that an election would be held.

*Held,* That the election of *Mr. Beal* was not in conformity to law, and was of no validity.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—This is a suit for a mandate against Governor *Morton,* commanding him to issue a commission to *John A. Beal, Esq.,* as Common Pleas Judge of the 12th District, in the State of *Indiana.* The mandate was refused below. The case was decided upon the pleadings. The facts are these :

The *Hon. John Coburn* was judge of said Common Pleas District, and acted as such till the 28th of *September,* 1861, and including the said 28th day, at the expiration of which he retired from the active duties of the office, and left it vacant.

On the 30th day of *September,* the *Hon. Charles A. Ray* was appointed judge of said District, by Governor *Morton,* and he entered immediately upon the duties of the office.

On the 8th of *October* following, ten days after Judge *Co burn* retired from the bench, the general annual election took place in the State of *Indiaua.* At that election *John A. Beal, Esq.* was a candidate for the office of Common Pleas judge of the 12th district above mentioned, and received a larger number of votes than was cast, at said election, for any other person, for said judgship.

No notice was given to the voters that an election for judge was to be held; and an actual vacancy, visible to the people, by the retirement from the bench of Judge *Coburn,* and the occupancy of it by Judge *Ray,* had not occurred twenty days before the election, whereby the voters had constructive notice. See *Beal* v. *Ray,* 17 Ind. p. —.

On the facts thus far appearing, it is clear that the election of *Mr. Beal* was not in conformity to law, and was of no validity.

Beal *v.* Morton.

But it further appears, that the Governor designated Judge *Coburn* to receive the appointment of Colonel of the 33d regiment of *Indiana* volunteers, on the 16th of *September;* that he was mustered into the service of the *United States,* on that day, by Col. *Wood;* and that he acted in the two offices of judge and colonel, in the former under a commission, in the latter without a commission, till the 28th of *September,* when his commission as Colonel was issued to him and accepted, but was *ante-dated* so as to appear to have been issued on the 16th of *September.* This commission, it appears, was not issued on the 16th, at the request of Col. *Coburn,* and with the consent of the Governor, in order to give the former an opportunity to decline the office altogether and continue in his judgship if he should subsequently prefer to do so. We do not think these additional facts change the character of the case. We doubt much if Judge *Coburn* was Colonel until he laid off his judicial robes and received his commission as such; but even, if he was, the people were not bound to take notice of the fact; and a case is not presented where they could have constructive notice of a vacancy, if one existed, till the retirement of Judge *Coburn* from the bench and the appearance upon it of Judge *Ray.*

*Per Curiam.*—The judgment is affirmed, with costs.

*J. E. McDonald, A. L. Roache, J. W. Gordon* and *John Caven,* for the appellant.

*J. F. Kibbey, J. D. Howland* and *H. C. Newcomb,* for the appellee