LAKE COUNTY ELECTION BOARD ET AL. *v.* STATE EX REL. EYEARS

[No. 28,238.   Filed October 11, 1946.]

*George E. Herschman,* of Crown Point, for appellants.

*Gavit & Richardson,* of Gary, for appellee.

GILKISON, J.—The material facts in this case are as follows: One Swartz was reelected Auditor of Lake County, Indiana, at the November election, 1944, for the constitutional term of four years, commencing on January 1, 1946. He duly qualified, and served as such official until January 7, 1946, when he resigned. On the same date the Board of Commissioners accepted his resignation and appointed his successor, who duly qualified and assumed the duties of the office.

At the primary election in May, 1946 no candidates for auditor were placed upon the ballot in Lake County. Thereafter, the Republican County Committee selected the appellee relator as the Republican candidate. His credentials were duly filed with the proper official and presented to the Lake County Election Board, appellants, with a demand that his name be placed upon the ballot for the November, 1946 election. The demand was refused. This action was then brought to mandate appellants to place the relator's name upon said ballot.

The second paragraph of answer avers in substance that since the adoption of the State Constitution, auditors of Lake County have been elected each four years, which in natural order would make the proper time for the election of an auditor for said county, the general election to be held in November, 1948.

The cause was submitted to the court by agreement upon the averments of fact contained in the complaint and the second paragraph of answer—but not conclusions of law that might be contained therein.

The trial court found for the relator, and adjudged that appellants be mandated to place relator's name

on the ballot as prayed. From this judgment the appeal is taken.

The question presented is, whether under the facts stated an auditor for Lake County, Indiana, should be elected at the general election to be held November 5, 1946, or at the general election in November, 1948. Art. 6, § 2, Indiana Constitution provides:

> "There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, Sheriff, Coroner, and Surveyor. The Clerk, Auditor, and Recorder, shall continue in office four years; and no person shall be eligible to the office of Clerk, Recorder, or Auditor, more than eight in any period of twelve years. The Treasurer, Sheriff, Coroner, and Surveyor, shall continue in office two years; and no person shall be eligible to the office of Treasurer or Sheriff more than four years in any period of six years."

Thus it conclusively appears that the auditor of a county, in Indiana, is an office, the existence, and the term of which are provided for by the Constitution of the State.

Art. 6, § 9, Indiana Constitution provides:-

> "Vacancies in county, township, and town offices, shall be filled in such manner as may be prescribed by law."

Therefore, a vacancy in the office of county auditor shall be filled in the manner provided by statute.

Section 49-405, Burns' 1933, enacted in 1852, provides:

> "The board of county commissioners shall fill all (other) vacancies in county or township offices, except such township or other offices the vacancies in which are otherwise provided for; and such appointments shall expire when a successor is elected and qualified, who shall be elected at the

next general or township election, as the case may be, proper to elect such officers."

Agreeable with the State Constitution (Art. 2, § 14) township elections may be held at times other than when general elections are held. The time to elect officials to fill vacancies in township offices is when the next township election is held. Township elections are now held at general elections.

The general election proper to elect an officer to fill a vacancy in the office of auditor of a county is the general election provided for by law—§ 29-701, Burns' 1933—and occurring next after such vacancy, if the vacancy occurred before the time required to give notice of such election. *Beal* v. *Ray* (1861), 17 Ind. 554; *Beal* v. *Morton* (1862), 18 Ind. 346. Section 49-409, Burns' 1933, likewise enacted in 1852 and being § 7 of the same act of which § 49-405 is § 4, is as follows:

"Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

This statute applies with full force and effect to all offices created by the General Assembly, but it has been held to be unconstitutional and void in so far as it may be thought to apply to offices created, and the terms of which are fixed by our State Constitution. *The Governor* v. *Nelson* (1855), 6 Ind. 496; *The State ex rel. Hench* v. *Chapin* (1886), 110 Ind. 272, 277, 11 N. E. 317; *Carson* v. *State ex rel. Bath* (1896), 145 Ind. 348, 350, 44 N. E. 360.

Art. 2, § 14 of the Indiana Constitution provides:

"All general elections shall be held on the first Tuesday after the first Monday in November, but township elections may be held at such time as may be provided by law: . . . ."

To implement this provision of the Constitution, § 29-701, Burns' 1933, provides:

"A general election shall be held on the first Tuesday after the first Monday in November in the year 1882, and biennially thereafter on the same day, at which election, all existing vacancies in office, and all offices the terms of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law."

In this case the vacancy by resignation occurred on January 7, 1946. It was filled by appointment of the board of commissioners on the same day. This being an office created by, and the term of which is fixed by the State Constitution, the appointee can be only a *pro tempore* official. He will fill the vacancy until his successor is elected at the next general election and thereafter duly qualifies. *State ex rel. Culbert* v. *Linkhauer* (1895), 142 Ind. 94, 41 N. E. 325; *Beale* v. *The State ex rel. Gray* (1874), 49 Ind. 41; *Douglass* v. *The State ex rel. Wright* (1869), 31 Ind. 429.

It is admitted that the relator was duly selected by the Republican County Committee as a republican candidate for auditor of Lake County, Indiana, and that his credentials as such were regularly and properly filed with the clerk of the Lake Circuit Court, and tendered to the appellant, Lake County Election Board, on June 29, 1946, and that on July 24, 1946, it refused to place relator's name upon the ballot as such candidate. This was error. Relator is entitled to have his name placed upon the ballot as prayed.

Finding no error in the record, the judgment of the trial court is affirmed.

Starr, C. J., not participating.

NOTE.—Reported in 68 N. E. (2d) 787.