COFFIN *v.* THE STATE on the relation of NORTON.

Offices are not regarded, in this country, as grants or contracts, the obligation of which can not be impaired, but rather as trusts or agencies. They are, therefore, completely within the power of the legislature, except so far as the constitution of the state may forbid interference with them. And they are, at all times, completely within the power of the people, in their sovereign character, without regard to restraints in existing constitutions upon legislative power.

The proviso in the tenth item of the schedule in the constitution of 1851, is operative and valid.

APPEAL from the *De Kalb* Circuit Court.

PERKINS, J.—*Quo warranto.* *Asa A. Norton* filed an information in the *De Kalb* Circuit Court, setting forth that *Owen Coffin* was elected clerk of the *Elkhart* Circuit Court, in *August,* 1850, and was commissioned for a term of seven years; that in *October,* 1855, said *Norton* was elected clerk of said Circuit Court, and was commissioned for a term of four years; that he had duly qualified, and demanded possession of the office of said *Coffin,* who refused to surrender it, &c.

The information contains all the necessary averments as to the legality of the election, &c. We have set out sufficient of them to show the question raised for decision. *Coffin* demurred, on the ground that it did not appear by the information that the relator, *Norton,* was entitled to the office in controversy. The Court overruled the demurrer and rendered judgment of ouster against *Coffin,* and he appealed to this Court.

The question presented by this case arises upon the

*Friday,
December 7.*

tenth item in the schedule forming a part of the constitution of 1851, which reads thus:

"Every person elected by popular vote, and now in any office which is continued by this constitution, and every person who shall be so elected to any such office before the taking effect of this constitution, (except as in this constitution otherwise provided,) shall continue in office until the term for which such person has been, or may be, elected, shall expire: *provided*, that no such person shall continue in office after the taking effect of this constitution, for a longer period than the term of such office in this constitution prescribed."

The term prescribed in said constitution for the office of clerk of the Circuit Court, is four years, three years less than by the former constitution under which *Coffin* was elected. And as he was elected in 1850, and the new constitution took effect on the first of *November*, 1851, limiting his term to four years from that date, said constitution did, if operative in this particular, cut off from the term for which he was elected, some two years.

*Coffin* contends that the new constitution is not operative in this particular, and that the term of his office could not thus be shortened. This is the question.

Offices are not regarded, in this country, as grants or contracts, the obligation of which can not be impaired; but rather as trusts or agencies. *Conner* v. *The City of New-York*, 2 Sandf. (N. Y.) R. 355.—1 Selden 285. They are, therefore, completely within the power of the legislature, except so far as the constitution of the state may forbid interference with them. *Gilbert* v. *The Board of Commissioners, &c.*, 8 Blackf. 81.—*Tuly* v. *The State*, 1 Ind. R. 500.—*Jones* v. *Cavins*, 4 *id.* 305. And they are, at all times, completely within the power of the people in their sovereign capacity, without regard to restraints in existing constitutions upon legislative power.

Offices created by the legislature may be abolished by the legislature.

Offices created by a constitution may be abolished by a constitution.

The power that creates offices can destroy them. *Ellis et al.* v. *The State*, 4 Ind. R. 1.

If, however, we are wrong in this upon general principles, still it was competent for the people, by a new constitution or form of government, to abrogate or shorten the terms of existing offices, because the power to do so was expressly reserved in the prior constitution. In section 2 of article 1 of the constitution of 1816, it is declared that the people "have, at all times, an unalienable and indefeasible right to alter or reform their government, in such manner as they may think proper."

The reservation of power to alter, is here as ample as that contained in any charter of incorporation granted by the legislature.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Morrison*, for the appellant.

*R. Lowry*, for the state.