## ENMEIER *v.* BLAIZE.

[No. 26,169.   Filed April 27, 1932.]

Horace A. Foncannon, for appellant.
Curtis G. Shake, for appellee.

TRAVIS, C. J.—This cause of action is to obtain a declaration of the rights and status of appellee, as petitioner in the court below, as clerk of the Knox Circuit Court as such rights and status may be affected by an act of the General Assembly, passed at the Regular Session in 1929, and designated in the Acts of 1929 as "Chapter 59." Appellant, under §11 of the Uniform Declaratory Judgments Act (Acts 1927, ch. 81, §680.1 et seq. Burns Supp. 1929) was made a party by reason of the pleaded fact that he claimed an interest in the subject-matter of this action and was made a party to answer concerning such interest. Appellee's petition presented the question of the constitutionality of ch. 59 of Acts 1929, supra, which concerns the rights and status of both the petitioner and defendant herein.

The petition of appellee for the declaratory judgment alleges that, at the general election, held in Knox County November 2, 1926, he was duly elected to the office of clerk of the Knox Circuit Court for the full term of four years. Thereafter, December 8, 1926, appellee received his commission of office from the Governor as such clerk elected November 2, 1926, for the term of

four years, and, thereafter, January 3, 1927, appellee filed his bond as such clerk-elect and took and subscribed his oath of office. February 25, 1928, appellee assumed and took over the office of such clerk, pursuant to his election and commission, and is now, and ever since has been, the duly elected, qualified and acting clerk of the Knox Circuit Court.

Thereafter, at the seventy-sixth regular session of the General Assembly, the act was passed designated as ch. 59, Acts 1929 p. 157, which act is for the purpose of changing the time of the beginning of the term of office of the clerk of the circuit court of Knox County at a time different than the expiration of the term of office of the then incumbent holding such office.

Appellant was elected clerk of the Knox Circuit Court for the full term of four years at the general election held November 4, 1930, and thereafter received from the Governor his commission of office.

It is further alleged that appellee, by virtue of his suit for declaratory judgment, desires to have his rights, status and legal relations fixed and determined and, also, that the court may determine whether the term of office of appellant Enmeier as clerk-elect of the Knox Circuit Court will begin February 25, 1932, at the end of the term of appellee, as before stated, or whether the term of office of appellant as such clerk-elect will begin January 1, 1933, as provided in the act of the General Assembly, approved March 9, 1929, ch. 59, *supra;* and further, that the petition presents the question whether or not the act last hereinbefore referred to violates certain sections of the Constitution of the state.

To this petition, appellant Enmeier answered by general denial, and also affirmatively, alleging that, at the election November 7, 1922, appellee Blaize was elected to the office of clerk of the Knox Circuit Court for the full term of four years and received from the Governor

his commission of office as such clerk and, January 2, 1923, he filed his bond as such clerk-elect and took and subscribed to his oath of office, and that, thereafter, February 25, 1924, appellee assumed and took over the office of such clerk, pursuant to his election and commission; that, thereafter, at the general election held November 2, 1926, appellee was re-elected to the office of clerk of the Knox Circuit Court for a second term of four years and, after said election, on December 8, 1926, received from the Governor his commission of office as such clerk for the term of four years. January 3, 1927, appellee gave bond as such clerk and took and subscribed to his oath of office, and, thereafter, February 25, 1928, appellee assumed and took over the office of such clerk, pursuant to his election and commission, and that appellee is now, and ever since has been, the duly elected, qualified and acting clerk of the Knox Circuit Court; and that appellee's term of office will expire February 25, 1932, at which time appellee will have been the duly elected, qualified and acting clerk of the Knox Circuit Court for the period of eight consecutive years. Appellant was elected to the office of clerk of the Knox Circuit Court November 4, 1930, for the full term of four years and received from the Governor a commission as such clerk; that the act of the General Assembly, passed at its seventy-sixth regular session, known as "ch. 59," *supra,* in so far as it relates to the clerk of the Knox Circuit Court is void, for the reason that it contravenes §2 of Art. 6 of the Constitution of this state, and that it is also void for the reason that it contravenes §§2 and 3, Art. 15 of the Constitution, for which reasons the statute should be adjudged to be unconstitutional; and, by his affirmative paragraph of answer, asks the court to determine the validity of such act of the General Assembly hereinbefore designated as ch. 59 of Acts 1929, and to fix the date of the

expiration of appellee's term of office as clerk of the Knox Circuit Court.

To appellant's affirmative answer, appellee demurred for the reason that such answer does not state facts sufficient to constitute a defense to appellee's declaration and complaint. The court sustained appellee's demurrer to appellant's affirmative answer. The cause was submitted upon an agreed statement of facts, which is not presented by the briefs, and made its finding for plaintiff Blaize, appellee herein, that the allegations of his complaint are true and that the defendant Enmeier, appellant herein, as clerk of the Knox Circuit Court will begin his term January 1, 1933, and is entitled to serve as such clerk for the full term of four years, beginning and commencing January 1, 1933, upon which finding, the court rendered judgment that the term of office of the defendant Enmeier, appellant herein, as clerk-elect of the Knox Circuit Court will begin January 1, 1933, and is entitled to serve as such clerk for the full term of four years, beginning and commencing January 1, 1933, and that the plaintiff Blaize, appellee herein, recover from the defendant his costs.

The only error presented for decision upon appeal is the court's ruling upon the demurrer to appellant's affirmative paragraph of answer.

The Constitution provides that all general elections shall be held on the first Tuesday after the first Monday in November (§14, Art. 2), and that there shall be elected in each county, by the voters thereof, at the time of holding general elections, a clerk of the circuit court. (§2, Art. 6 Constitution.)

The letter of the Constitution provides the qualifications of voters, and that certain officers named in that instrument—which includes clerk of the circuit court—shall be elected by the voters at the time of holding general elections. (Art. 6, §2 Consti-

tution.) The spirit of the Constitution, which came into vital, substantial existence at the time of its birth, is more outspoken than the letter wherein that instrument concerns the election by the voters of public officers. The right to elect public officers, as provided in the Constitution, is one which resides in the people as sovereign. This power may not be abridged or narrowed by the legislative department of government. *State, ex rel.,* v. *Hyde* (1889), 121 Ind. 20, 22 N. E. 644; *Russell* v. *State, ex rel.* (1909), 171 Ind. 623, 633 (7), 87 N. E. 13.

The sovereign people not only provided for the office. of clerk of the circuit court, but they fixed the length of the term of such office to be for a period of four years. The people further expressly stated their will by providing for the election of a successor of an incumbent who held this office, whose term of office should begin upon the expiration of the term of the predecessor in office, by stating that the predecessor should hold office only "until his successor shall have been elected and qualified." (Art. 15, §3, Constitution.) This case does not deal particularly with the right of the appellee to hold over after the expiration of his term under the provision of Art. 15, §3 of the Constitution. The question here to be determined (the successor to the incumbent in office having been elected and qualified), is: Does the successor's term begin at the expiration of the term of his predecessor, or may the legislative branch of the government delay the time at which the successor begins his term of office beyond the termination of the term of office of the incumbent?

Division 10 of the Schedule to the Constitution provided that every person elected by popular vote and then in office, which office was continued by the Constitution, and every person who shall be so elected to any such office before the taking effect

of the Constitution (except as in the Constitution otherwise provided) should continue in office until the term for which such officer had been elected shall expire, with the provision that the expiration should not extend for a longer period than the term prescribed for such office in the new Constitution. This provision of the Constitution, when considered with §3, Art. 15, of the Constitution, plainly shows that an officer shall not continue in office beyond the end of his term if, and when, a successor to him has been elected by the voters and he has qualified for the office.

The spirit of the Constitution is to avoid vacancies in the office of clerk of a circuit court, as well as vacancies in the other offices named in its Art. 6, §2; and to avoid, as far as possible, the necessity of filling vacancies in office by appointment; and also, to avoid the holding over by an elected officer, after the expiration of the term of office, except and until his successor shall have been elected and qualified. (Art. 15, §4, Constitution.)

Appellant was elected to office at the general election in November, 1930. If the Legislature had power to postpone the time for the beginning of his term of office from February 25, 1932 to January 1, 1933, there was no necessity to hold an election for this office at the general election in November, 1930, but an election to select a successor to the incumbent in office might have been postponed from the general election in November, 1930, to the general election in November, 1932. But the incumbent appellee was elected at the general election in November, 1926, and, to comply with regularity in election of clerks of the circuit court in the election of appellee's successor, such successor should be elected at the general election four years thereafter, to wit: at the general election in No-

vember, 1930. To elect such successor at the November election 1930 was a right of the people reserved by them in their Constitution. This right of the people may not be taken from them or abridged, either directly or indirectly, by any agency or department of government. The term of office of the incumbent appellee, having its beginning February 25, 1928, such term ends by operation of constitutional law four years thereafter, to wit: on February 25, 1932. This office is to be administered by an officer who shall be elected by the voters. Again, the spirit of the Constitution is not to permit or establish vacancies in elective offices, which vacancies may be filled by officers appointed, or officers holding over after the expiration of the officer's term, except as provided by the Constitution itself, or by a vacancy which occurs during the term of incumbent in office by death, resignation or removal. The act now under consideration did not postpone or intimate a postponement of the election of a legally elected successor to appellee. The general election in November, 1930 was the proper election to vote for and elect a successor to appellee. The incumbent in office, the appellee, could hold his office only for the given term of four years, and, after the expiration of his term of office, he could hold the office (if he could hold it at all, see *Gosman* v. *State, ex rel.* [1885], 106 Ind. 203, 6 N. E. 349; and *Carson* v. *McPhetridge* [1816], 15 Ind. 327) only "until his successor shall have been elected and qualified." The General Assembly did not in this act abridge or take from the voters the right to vote for and elect a successor in office to the appellee at the general election in November, 1930, if we grant the power in the General Assembly to do so.

It is plain from these sections of the Constitution cited that the Legislature is not only barred from de-

priving an official, elected by the voters, from taking and assuming an office upon the termination of the term of office of his predecessor, but also that the Legislature may not forbid the voters from voting at a general election, next previous to the expiration of the term of office of the officer in question, for an officer provided by the Constitution, and which officer shall be elected by the voters. *Gemmer* v. *State* (1904), 163 Ind..150, 71 N. E. 478, 66 L. R. A. 82; *Russell* v. *State* (1909), 171 Ind. 623, 87 N. E. 13. See *Robinson* v. *Moser* (1932), *ante* 66, 179 N. E. 270.

It is, therefore, held that ch. 59, Acts 1929, *supra,* in so far as it relates to the officer, designated as the "clerk of the circuit court," is in contravention of §2 of Art. 6 and of §3 of Art. 15 of the Constitution of Indiana. The trial court committed error by its ruling sustaining appellee's demurrer to appellant's affirmative paragraph of answer. The cause is remanded with instruction to the trial court to overrule appellee's demurrer to appellant's affirmative paragraph of answer, and for further proceedings pursuant to judgment.

The judgment is reversed.

### DISSENTING OPINION.

MARTIN, J.—Section 1, ch. 59, Acts 1929, §11604 Burns Supp. 1929, provides that "the term of office of the . . . clerk of the circuit court . . . (and of other county officers) . . . in each county in the State of Indiana, shall begin on the first day of January next following the term of office of the present incumbent."[1]

NOTE 1. This is a re-enactment of §1, ch. 182, Acts 1901, §11604 Burns 1926, except that the present act pertains to the "clerk of the Circuit Court" and other officers, while the 1901 act pertains to the "county clerk" and other officers. In Taylor v.

The purpose and effect of the act of 1929, *supra,* was to remedy the situation wherein some of the clerks of the circuit courts did not take office until more than a year after their election, and to provide a method whereby the time of the expiration of the terms of office of county clerks would be made uniform throughout the state. In view of the Constitution's provision that a county clerk "shall . . . continue in office four years," §2, Art. 6, Constitution, §159 Burns 1926, "for such term and until his successor shall have been elected and qualified," §3, Art. 15, Indiana Constitution, §232 Burns 1926, and the fact that general elections are held biennially in the even-numbered years, it is apparent that the act of 1929 adopted the only solution to the problem.

The term of office of appellee, Blaize, ended February 28, 1932. Appellant, Enmeier, was elected November 4, 1930, and under the 1929 act would take office January 1, 1933, instead of February 28, 1932. Thereafter the clerk of the circuit court in Knox County would take office in January immediately following his election in November, instead of waiting for a year and three months to take office.

The act of 1929 merely changed the time when the clerk-elect would take office; it did not change the time of election, did not shorten the term of the clerk elected in 1930, and did not extend the term of the clerk elected

State, ex rel. (1907), 168 Ind. 294, 80 N. E. 849, it was held that there is no such officer under the laws of this state as "county clerk" and that the mentioning of such officer in the act of 1901 fixing the time for the beginning of the terms of county officers did not affect the office of "clerk of the Circuit Court."

Section 1, ch. 13, Acts 1903, which fixed the time when the terms of office of certain officers, including the office of clerks of the circuit courts, should begin was held invalid as being in conflict with §2, Art. 6, Indiana Constitution, §159 Burns 1926, in Gemmer v. State, ex rel. (1904), 163 Ind. 150, 71 N. E. 478, 66 L. R. A. 82, upon the authority of which case the instant case is reversed. See, also, Russell v. State (1909), 171 Ind. 623, 87 N. E. 13.

in 1928. There was no determination by the trial court as to whether the clerk elected in 1928 would be entitled to serve beyond his second full term of four years.[2] (Fixing the time of commencement of the term of office at a date subsequent to the expiration of an incumbent's term causes a vacancy at the end of such incumbent's term if he is ineligible, but if he is eligible, he will hold over under §3, Art. 15, Constitution.)

The readjustment by the Legislature of the terms of office of clerk of the circuit court by changing the beginning of such term, for the purpose of eliminating an undesirable delay of more than a year between the time of election and the time of taking office and of making uniform the time of taking office, seems to me to be reasonable and proper; and the postponement of the beginning of the term (of the clerk elected in 1930) necessary to accomplish that purpose is not so great as to raise the presumption of a design to deprive the office of its elective character in violation of the Constitution. I do not believe the act in question is in conflict with any provision of the Constitution.

My position can be fully understood by reference to the dissenting opinion in the case of *Robinson* v. *Moser* (1931), *ante* 66, 179 N. E. 270, at 277, and the authorities there cited.

NOTE 2. The appellee, Blaize, brought this action under the Declaratory Judgment Act asking that his "rights, status and legal relations" as clerk of the circuit court of Knox county be determined. The issue was formed by a general denial, and the cause was submitted on an agreed statement of facts. The finding and judgment are entirely silent as to any determination of Blaize's rights, status and legal relation, but there is a finding and judgment that appellant, Enmeier, will begin his term of four years on January 1, 1933.