KIRKPATRICK *v.* KING ET AL.

[No. 28,647.    Filed April 19, 1950.]

240

*Walter Myers, Jr.*, and *Obed T. Kilgore*, both of Indianapolis; and *Glenn R. Slenker*, of Monticello, for appellant.

*George B. Davis* and *Glenn T. Williams*, both of Greenfield; *J. Emmett McManamon*, Attorney General, and *Norman J. Beatty*, Deputy Attorney General, for appellees.

EMMERT, J.—Appellant is the sheriff of Hancock County. He was elected on the Democratic ticket in the general election of 1948, and qualified and took office January 1, 1949. On October 24, 1949, appellee Charles L. King publicly announced he would be a candidate for such office on the same party ticket in the primary election to be held in the county in May, 1950. On December 17, 1949, the Hancock County Election Board duly adopted a resolution that the names of candidates for sheriff be placed on the ballots in the primary and general elections to be held in 1950, which was in accordance with the position and contention of the State Election Board. Appellant sued in the trial court for a declaration of his rights, asserting that there would be no vacancy in the office of sheriff in Hancock County to be filled by the general election held in 1950, and that he would continue to hold this office until January 1, 1954, by virtue of the amendment to Article 6 of the Constitution, by the

adoption of § 11 of said Article at the general election in 1948. The trial court found appellant was entitled to a declaratory judgment, but against him on the issue that he was entitled to hold over, and adjudged that the amendment "does not entitle a sheriff whose term commenced on January 1, 1949, to an additional term of four years commencing on January 1, 1951."

No cross-errors are assigned by appellees, and their briefs present no question as to the availability of the action for a declaratory judgment, and in view of the public interest in the determination of the constitutional questions, we will treat the complaint as one for a declaration of rights under §§ 29-3004, 29-3104, 29-3602, 29-3604, 29-3605, 29-3606, 29-3607, 29-3617, 29-3618, 29-4801, 29-5001, and 29-5212, Burns' 1949 Replacement (sections of the Indiana Election Code), as affected by § 11 of Article 6 of the Constitution. See Anderson, *Declaratory Judgments* 800, §327.

Before the adoption of the amendment, the Constitution did not provide for uniformity throughout the state as to the time all the sheriffs began their official terms. Section 2 of Article 6 of the Constitution provided for the election of sheriffs at the general election, who should continue in office two years, but that no sheriff should be eligible to the office of sheriff for more than four years in any period of six years.[1]

---

[1] "There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, Sheriff, Coroner, and Surveyor. The Clerk, Auditor, and Recorder, shall continue in office four years; and no person shall be eligible to the office of Clerk, Recorder, or Auditor, more than eight years in any period of twelve years. The Treasurer, Sheriff, Coroner, and Surveyor, shall continue in office two years; and no person shall be eligible to the office of Treasurer or Sheriff more than four years in any period of six years." Indiana Constitution, Art. 6, § 2.

2. Section 11 of Article 6 now provides:

"Notwithstanding any other provision hereof, the sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such sheriff shall be four years beginning upon the first day of January next following his election and no person shall be eligible to such office more than eight years in any period of twelve years: Provided, however, that any elected sheriff who shall hold said office on December 31, 1950, and who shall have been elected to said office for a period of less than two consecutive years immediately preceding, shall continue in said office for the four year term commencing January 1, 1951."

This was adopted at the time of the general election in 1948,[2] and became effective upon the closing of the polls at 6 o'clock P. M., November 2, 1948. Indiana Constitution, Art. 16, § 1.[3]  *In Re Todd* (1935), 208 Ind. 168, 193 N. E. 865; *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. 208; *Town of Louisville* v. *Savings Bank* (1881), 104 U. S. 469, 1 S. Ct. 75, 26 L. Ed. 775.

In construing a constitutional provision, many of the well established rules for statutory construction apply. *In Re Todd* (1935), 208 Ind. 168, 193 N. E. 865, *supra;* 12 C. J., § 42, p. 699; 16 C. J. S., § 15, p. 51; 11 Am. Jur., § 49, p. 658; *State ex rel. Atty. General* v. *Bryan et al.* (1905), 50 Fla. 293, 39 So. 929. The primary object in construction is to ascertain the "common understanding" as to the meaning of any provision entertained by "both

---

[2] The official vote on the amendment was 283,533 Yes and 151,638 No. 1948 Year Book, Indiana, p. 1305.

[3] ". . . and if a majority of said electors shall ratify the same, such amendment or amendments shall become a part of this Constitution." Indiana Constitution, Art. 16, § 1.

those who framed and those who ratified" it. *Bishop* v. *State ex rel. Griner* (1898), 149 Ind. 223, 230, 48 N. E. 1038, 39 L. R. A. 278, 63 Am. St. 279. If there be any doubt concerning any constitutional provision, "The court should also look to the nature and objects of the particular powers, duties, and rights in question, with all the light and aids of cotemporary history, and give to the words of each provision just such operation and force, consistent with their legitimate meaning, as will fairly secure the end proposed. *Kendall* v. *The U. S.*, 12 Pet. 524; *Prigg* v. *The Commonwealth*, 16 Pet. 539." *State* v. *Gibson* (1871), 36 Ind. 389, 391, 392. See also *Kelso* v. *Cook* (1916), 184 Ind. 173, 110 N. E. 987; I *Cooley's Constitutional Limitations* 141 (8th Ed.).

It is conceded by the parties to this appeal that before the adoption of the amendment, in at least eleven counties the sheriffs, who were elected in the general election in 1948, did not begin their terms until January 1, 1950. The official Roster of State and Local Officials State of Indiana for 1948 discloses that in fourteen counties sheriffs did not begin their terms until January 1, 1950, and in Jefferson County the sheriff began a new term on November 15, 1948. We must presume that the General Assembly, and the voters who ratified the amendment, were aware of this situation, and it was their expressed intention not only to change the term of the office of sheriff from two years to four years, but also to establish a definite uniform cycle for the beginning and ending of all such terms throughout the state.

It has been suggested that the first words of the amendment, *"Notwithstanding any other provision hereof,"* (italics supplied), are meaningless. The amendment is not to be considered as an isolated bit of design and color, but it must be seen

as an integral part of the entire harmonious picture of the Constitution. It is true that it is superimposed upon that with which it is in direct conflict, but when the amendment is viewed in the light of these principles, there is no ambiguity. See *Tucker* v. *State* (1941), 218 Ind. 614, 35 N. E. 2d 270; *Griebel* v. *State ex rel. Niezer* (1887), 111 Ind. 369, 12 N. E. 700; *Steele etc. Co.* v. *Miller* (1915), 92 Ohio St. 115, 110 N. E. 648; *State ex rel. Collins* v. *Jackson* (1919), 119 Miss. 727, 81 So. 1; 11 Am. Jur., § 54, pp. 663, 664. The word "hereof" refers to the constitution with its former fixing of the sheriff's term at two years, as stated by § 2 of Article 6, which is still in force as to officers other than sheriff. *Griebel* v. *State ex rel. Niezer* (1887), 111 Ind. 369, 12 N. E. 700, *supra;* 11 Am. Jur., § 54, pp. 663, 664; I *Cooley's Constitutional Limitations* 129 (8th Ed.).

Offices created by a constitution may be abolished by a constitution for, "The power that creates offices can destroy them." *Coffin* v. *State* (1855), 7 Ind. 157, 159. An incumbent officer may have his term cut short by the adoption of a new constitution. *Starry* v. *Winning* (1855), 7 Ind. 311. "Public officers have no proprietary interest in their offices, or any right of property in the prospective compensation attached thereto." *State* v. *Frizzell* (1884), 31 Minn. 460, 467, 18 N. W. 316. No incumbent sheriff has any vested right in his term of office as against a change thereof by the adoption of a constitutional amendment. *State* v. *Frizzell* (1884), 31 Minn. 460, 18 N. W. 316, *supra.*

Moreover, the appellant was not elected sheriff prior to the adoption of the constitutional amendment. In contemplation of law he was elected at 6 o'clock P. M. at the time the polls closed. *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E.

773, 14 L. R. A. 858, 30 Am. St. 208, *supra.* But the amendment was adopted at the same time, and his rights as a public officer were limited by the superior force of the constitution effective at the time of his election.

The appellant contends that although he took office January 1, 1949, for a term which would extend through December 31, 1950, yet he was elected to said office for a period less than two consecutive years immediately preceding, and so by virtue of the amendment and his election in 1948 he should have another four year term beginning January 1, 1951, thus making a total of six consecutive years. It is clear that those sheriffs who were elected in the general election of 1948 but would not begin their terms until January 1, 1950, on December 31, 1950, would have been elected for a period of less than two consecutive years, and so by virtue of the proviso clause of the amendment would continue to hold office until January 1, 1955, thus making their term five years. It was the evident intent of the amendment not to shorten an elective term to one year, but certainly it does not follow that it was the intention of the General Assembly who submitted the amendment, and the voters who ratified it, that the seventy-seven sheriffs of the state who were elected at the general election in 1948 for a two year term, and on December 31, 1950, will have served said full two year term, should by virtue of such election have their term extended for an additional four years. If that were true, there would be no necessity of having the constitutional provision for an election of sheriffs in the year 1950, except for those who were appointed to fill out unexpired terms, and the one sheriff of Jefferson County.

"The general and appropriate office of a proviso is to restrain the enacting clause and except something which would otherwise have been within it. *Wayman* v. *Southard* (1925), 23 U. S. 1, 6 L. Ed. 253." *McDougal* v. *State* (1915), 183 Ind. 168, 170, 108 N. E. 524. See also *Board of Comrs.* v. *Millikan* (1934), 207 Ind. 142, 190 N. E. 185; *State* v. *Weller* (1908), 171 Ind. 53, 85 N. E. 761; *Gosman* v. *State ex rel. Schumacher* (1886), 106 Ind. 203, 207, 6 N. E. 349; *State ex rel. Atty. General* v. *Bryan et al.* (1905), 50 Fla. 293, 39 So. 929, *supra; State* v. *Collins* (1917), 94 Wash. 310, 162 Pac. 556; *Opinion of the Justices to the House of Representatives* (1926), 254 Mass. 617, 151 N. E. 680; Crawford, *Construction of Statutes* 607, § 297. The proviso should not be construed to nullify the enacting clause. 2 Sutherland, *Statutory Construction* 470, 471, § 4932 (Horack's 3rd Ed.).

As we construe the proviso, the appellant was elected to his office for two consecutive years immediately preceding December 31, 1950, which was the end of his term under the law both before and under the amendment. December 31, 1950, extended until 12 o'clock midnight, for "a day begins with the passing of midnight and continues until the succeeding midnight." *Moag* v. *State* (1941), 218 Ind. 135, 141, 31 N. E. 2d 629. See also *Benson* v. *Adams* (1879), 69 Ind. 353, 35 Am. Rep. 220. The word "years" in the proviso means official years, which may or may not correspond with calendar years. *Crockett* v. *Tuttle* (1921), 58 Utah 213, 197 Pac. 900.

Other provisions of the constitution make this too clear for question. The general rule is that the same words occurring at different places in a constitution will be given the same meaning unless the context requires a different meaning. 12

C. J., § 49, p. 706; I *Cooley's Constitutional Limitations* 135 (8th Ed.). Section 3 of Article 4 provides that "Senators shall be elected for the term of four years, and Representatives for the term of two years, from the day next after their general election." Section 14 of Article 2 requires that general elections shall be held on the first Tuesday after the first Monday in November, so the years for which Representatives and Senators may be elected are not calendar years, and such years may be more or less than 365 days. Section 1 of Article 5 provides that the Governor shall hold his office "during four years," and Section 2 of the same Article provides the Lieutenant Governor shall hold his office "during four years." Section 9 of Article 5 of the Constitution provides "The official term of the Governor and Lieutenant Governor shall commence on the second Monday of January, in the year one thousand eight hundred and fifty-three; and on the same day every fourth year thereafter." Thus these officers have terms of four official years as distinct from four calendar years, and under § 1 of Article 5, the Governor is ineligible to hold office for more than four official years in any period of eight official years, even though his term may be more or less than four calendar years.[4]

The appellant was elected to said office for two consecutive official years immediately preceding midnight December 31, 1950, which would have been the close of his term had the amendment not been adopted. The fact that he did not qualify

---

[4] An examination of the beginning of recent terms of the Governor and Lieutenant Governor shows the beginning of the terms were on the following days of January: January 10, 1949, January 8, 1945, January 13, 1941, January 11, 1937, January 9, 1933, January 14, 1929, January 12, 1925, January 10, 1921.

until about 10 o'clock A. M., January 1, 1949, which was the day of the beginning of his term, cannot have the effect of extending his term of office. *State ex rel. Forrer* v. *McIntosh* (1909), 109 Minn. 18, 122 N. W. 462, 126 N. W. 1135. He could have qualified by taking his oath and filing his bond as required by law prior to January 1, 1949. *Enmeier* v. *Blaize* (1932), 203 Ind. 475, 181 N. E. 1. He was elected to his office for the period beginning the first second of January 1, 1949, and ending at 12 o'clock midnight December 31, 1950. "When a proviso makes an exception to a general rule, one who claims the benefit of that proviso must bring himself within its terms." *Faries* v. *Frohmiller* (1937), 49 Ariz. 366, 375, 67 P. 2d 470. This the appellant has not done; therefore the trial court was correct in its finding that appellant was not entitled to an additional four year term commencing January 1, 1951.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 785.