STATE EX REL. THOMAS *v.* WILLIAMS.

[No. 29,524. Filed June 25, 1958.]

S. *Hugh Dillin* and *Dillin & Dillin,* of counsel, of Petersburg, for appellant.

*Shake & Shake,* of Vincennes, for appellee.

BOBBITT, C. J.—Arterburn, J., has heretofore declared himself to be incompetent to participate in the decision in this case.

Bobbitt, C. J., and Achor, J., are of the opinion that the decision of the trial court should be affirmed, while Emmert and Landis, JJ., are of the opinion that the decision of the trial court should be reversed and the appellant granted a new trial.

The four judges participating being equally divided at the last term of court and being still equally divided at this term, the judgment of the trial court is affirmed without costs. Section 2-3232, Burns' 1946 Replacement, Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240. *Re Collinson Estate; Ostheimer* v. *McNutt* (1952), 231 Ind. 605, 106 N. E. 2d 225, 108 N. E. 2d 700.

Separate opinions covering material points in the case arising from the record follow.

## SEPARATE OPINION

ACHOR, J.—This cause is before this court on an alleged error of the Knox Circuit Court which sustained a demurrer to the appellant's complaint.

At the general election held on November 2, 1954, Francis E. Thomas was elected sheriff of Knox County. He qualified and served as such until August 24, 1956, on which date he died. On August 28, 1956 the Board of Commissioners of the County of Knox appointed the appellant to serve as sheriff of that county until his successor was elected and qualified. Appellant promptly

qualified and assumed office. Subsequently the Democratic Central Committee of Knox County nominated the appellee as its candidate for the office and the Republican State Central Committee named a Clyde A. Stalcup as its candidate, to be voted upon at the general election November 6, 1956. The appellee was elected. Thereafter, on December 3, 1956, appellee was commissioned by the Governor of Indiana and, on the same day, qualified as sheriff by taking the oath and filing the bond required by law. Appellant challenged the appellee's right to said office by an action in *quo warranto*. Appellee demurred to the complaint and the court below sustained said demurrer. Appellant refused to plead over and suffered judgment to go against him. This appeal followed.

Appellant contends that Article 6, §11 of the Constitution of Indiana, adopted November 2, 1948, precluded the election of a sheriff of Knox County at the general election held on November 6, 1956, and that appellant, by reason of his appointment, is entitled to serve for the full term of Francis E. Thomas, deceased, which term expires January 1, 1959. On the other hand, appellee asserts that Article 6, §11, *supra*, did not change the law regarding the filling of vacancies during the unexpired term of the office, but merely provided that the term of office of sheriff should thereafter be four years and that thereafter the terms of all such offices conform to a definite and uniform cycle. Therefore, appellee contends that it was proper, under the law, for the voters of Knox County to elect a sheriff at the general election in 1956, the only difference being that such election is limited to the remainder of the unexpired term of Francis E. Thomas, deceased, originally elected to the office, which term expires January 1, 1959.

The law which deals specifically with the filling of vacancies in public office is as follows:

"Vacancies in county, township, and town offices, shall be filled in such manner as may be prescribed by law." Art. 6, §9 Constitution of Indiana.

Under the direction of this section, the General Assembly has enacted the following statute, which provides:

"The board of county commissioners shall fill all (other) vacancies in county or township offices, except such township or other offices the vacancies in which are otherwise provided for; and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general or township election, as the case may be, proper to elect such officers." §49-405, Burns' 1951 Repl. [1 R. S. 1852, ch. 115, §4, p. 512.]

When applying these provisions to factual circumstances this court has stated that it is the spirit of the law to avoid, as far as possible, the necessity of filling vacancies in office by appointment. *Enmeier* v. *Blaize* (1932), 203 Ind. 475, 481, 181 N. E. 1. Therefore, there is no question that prior to the adoption of Art. 6, §11, *supra,* in 1948, it would have been proper to fill the vacancy by election, as was done in this case. The question which we must resolve is whether the 1948 amendment abolished the authority for such procedure. In other words, did the general election in 1956, which was a county-wide election, continue to be an election "proper to elect" a sheriff as provided by §49-405, *supra,* notwithstanding the adoption of Art. 6, §11 to the Constitution in 1948? Said amendment provides as follows:

"Notwithstanding any other provision hereof, the Sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such

Sheriff shall be four years beginning upon the first day of January next following his election. . . . "

Clearly under the above provision the years 1950, 1954, 1958, etc., were years "proper to elect" such sheriff. It is also clear that thereafter the term of "each such sheriff" so elected shall be four years, and that such term shall conform to the cycle established by the amendment. Art. 6, §11, *supra*.

But do the above provisions in the amendment foreclose the opportunity of the public to fill vacancies in the office by election at other intervening general (county-wide) elections? The above provision does not negate this right which we have previously declared to be the policy of the law. In fact the provision makes no reference whatever to the law governing the filling of vacancies. Rather, the sole purpose of the amendment was merely to provide that the term of the office of sheriff should thereafter be four years and, in order that the voters might be more keenly aware of the election of this important office, it provided for a definite and uniform cycle for all such officers making their election fall on years when neither a president nor a governor was being elected. Speaking of this problem, in *Kirkpatrick* v. *King et al.* (1950), 228 Ind. 236, 243, 91 N. E. 2d 785, this court said: ". . . We must presume that the General Assembly, and the voters who ratified the amendment, were aware of this situation, and it was their expressed intention not only to change the term of the office of sheriff from two years to four years, but also to establish a definite uniform cycle for the beginning and ending of all such terms throughout the state."

Nothing in the amendment, either directly or by implication, conflicts with the previously established practice of permitting the public to fill vacancies in office

at the next general election, where the term of office extended beyond such election. The only limitation upon the office imposed by the amendment is that the term of office filled is limited to the time remaining in the unexpired term of the office, according to the cycle now fixed by the Constitution.[1]

Furthermore, such a construction is the only one which can be placed upon Art. 6, §11, *supra,* in order to uphold its constitutionality. Article 6, §2 of the Constitution was amended in 1952 to provide that the sheriff (and other named county officials) ". . . be elected, in each county by the voters thereof, at the time of holding general elections, . . ." and that the other named officers serve for terms of four years.

These constitutional provisions are compatible if we construe them to mean that within the existing framework of the law regular elections for sheriff shall be held in the years 1950, 1954, 1958, etc., and special elections to fill vacancies may be held for the remainder of the unexpired terms of such offices on other years when general elections are held. Thus, and only thus, could sheriffs "be elected, in each county by the voters thereof, at the time of holding general elections," as provided by Art. 6, §2 (1952), *supra,* and still maintain the cycle of office as established by Art. 6, §11 (1948), *supra.*

Article 6, §§2 and 11, *supra,* should be construed as *pari materia* and compatible, if possible. It is logical and conforms to the policy of the law previously stated, that opportunity should be given for the public to fill

---

1. This is the same practice as that followed for the filling of vacancies in the U. S. Senate where definite cycles of office have been established. *Brown* v. *Georgetta* (1954), 70 Nev. 500, 275 P. 2d 376. There, vacancies are filled by appointment until a successor is elected and qualified and, if there is an intervening general election during the unexpired term, such election is proper to fill the vacancy for the period remaining in the unexpired term.

vacancies in offices by election wherever such elections can be properly held.

We conclude, therefore, that appellee's demurrer to appellants' complaint was properly sustained.

Bobbitt, C. J., concurs.

## SEPARATE OPINION

LANDIS, J.—There is no dispute as to facts of this case which involves a quo warranto action to try the title to the sheriff's office of Knox County held by appellee.

Relator's predecessor was elected to the office of sheriff in 1954 for a four-year term. On August 24, 1956, such predecessor died and the vacancy in his office was filled by the Board of County Commissioners on August 28, 1956, pursuant to statute, such board appointing relator to serve as sheriff until his successor was elected and qualified. Some time thereafter, the respective Central Committees of each the Democratic and the Republican political parties met and named candidates for the office of sheriff, to be voted on at the general election November 6, 1956. Appellee was allegedly nominated as the Democratic candidate, and was purportedly elected in such general election. Appellee thereupon procured the issuance to himself of a purported commission by the Governor of Indiana and filed bond and oath.

Relator has challenged appellee's right to said office in the instant action in quo warranto. Appellee thereafter filed demurrer to appellant's complaint, which was sustained and judgment rendered thereon upon relator's failure to plead over.

The question on this appeal is whether under the pertinent provisions of the Constitution of Indiana and

the appropriate statutes, relator was entitled, as he contends, upon his appointment by the Board of County Commissioners, to serve as sheriff for the balance of the four-year term for which his predecessor (who died in 1956) was elected in 1954, or whether relator's appointment continued only until a sheriff was purportedly elected at the next general election in 1956 and qualified, as contended by appellee.

Relator relies on Art. 6, §11 of the Constitution of Indiana, as amended in 1948, providing:

"Notwithstanding any other provision hereof, the Sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such Sheriff shall be four years beginning upon the first day of January next following his election . . . ."

Appellee, on the other hand, relies on Art. 6, §9, of the Constitution of Indiana, adopted in 1851, providing:

"Vacancies in county, township, and town offices, shall be filled in such manner as may be prescribed by law."

and the following statutes, passed pursuant thereto, to-wit:

"The board of county commissioners shall fill all (other) vacancies in county or township offices, except such township or other offices the vacancies in which are otherwise provided for; *and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general or township election, as the case may be, proper to elect such officers.*" (Emphasis supplied.) 1 R. S. 1852, ch. 115, §4, p. 512, being Burns' §49-405 (1951 Replacement).

. . . . . .

"A general election shall be held on the first Tuesday after the first Monday in November in even-numbered years, at which election, all existing vacancies in office, and all offices the terms of

which shall have expired or which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law." Acts of 1945, ch. 208, §187, p. 680, being Burns' §29-4801 (1949 Replacement).

Appellee; states there is nothing in Art. 6, §11 of the Constitution relied on by appellant, which "renders inoperative the statutory provisions relating to the filling of vacancies in the office of Sheriff by election at the next ensuing general election." (Appellee's brief, p. 8.) Of course, everyone concedes the Board of Commissioners had authority by law to appoint relator immediately to fill the vacancy caused by the death of the duly elected sheriff, but appellee apparently contends by the above quoted contention that Art. 6, §11 does not render inoperative the statutes providing appointments to fill vacancies shall expire as soon as a successor is elected at the next ensuing general election.

These statutes, however, by their own language restrict their application to elections "proper to elect such officers"[1] and by the qualification "unless otherwise provided by law."[2]

The statutes relied on by appellee thus do not by their own language attempt to cover the filling of vacancies by election where elections are not otherwise proper for that purpose.

And regardless of the method of filling vacancies by election under the pre-existing law prior to 1948, such provisions are inoperative and of no legal effect, in so far as they are repugnant to Art. 6, §11 of the Indiana Constitution, adopted in 1948, as such constitutional provision states:

---

1. 1 R.S. 1852, ch. 115, §4, p. 512, being Burns' §49-405 (1951 Replacement.)

2. Acts of 1945, ch. 208, §187, p. 680, being Burns' §29-4801 (1949 Replacement.)

*"Notwithstanding any other provision hereof,* the Sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter." (Emphasis supplied.)

It should be noted that this court in *Kirkpatrick* v. *King et al.* (1950), 228 Ind. 236, 243, 91 N. E. 2d 785, 788, in construing such constitutional provision and the intent and purpose behind its adoption, said:

". . . We must presume that the General Assembly, and the voters who ratified the amendment, were aware of this situation [the lack of uniformity in the beginning of sheriff's terms over the state], and it was their expressed intention not only to change the term of the office of sheriff from two years to four years, but also to establish a definite uniform cycle for the beginning and ending of all such terms throughout the state."

And, we further observed in such opinion:

"It has been suggested that the first words of the amendment, *'Notwithstanding any other provision hereof,'* (italics supplied), are meaningless. The amendment is not to be considered as an isolated bit of design and color, but it must be seen as an integral part of the entire harmonious picture of the Constitution. It is true that it is superimposed upon that with which it is in direct conflict, but when the amendment is viewed in the light of these principles, there is no ambiguity. See *Tucker* v. *State* (1941), 218 Ind. 614, 35 N. E. 2d 270; *Griebel* v. *State ex rel. Niezer* (1887), 111 Ind. 369, 12 N. E. 700; *Steele, etc. Co.* v. *Miller* (1915), 92 Ohio St. 115, 110 N. E. 648 [L.R.A. 1916C, 1023]; *State ex rel. Collins* v. *Jackson* (1919), 119 Miss. 727, 81 So. 1; 11 Am. Jur., §54, pp. 663, 664. The word 'hereof' refers to the constitution with its former fixing of the sheriff's term at two years, as stated by §2 of Article 6, which is still in force as to officers other than sheriff. *Griebel* v. *State ex rel. Niezer* (1887), 111 Ind. 369, 12 N. E. 700, *supra*; 11 Am. Jur., §54, pp. 663, 664; 1 *Cooley's Constitutional Limitations* 129 (8th Ed.)."

If the provisions of Art. 6, §11 did not attempt to prescribe the exclusive method of electing sheriffs, the whole purpose of the amendment (which is conceded to have been to bring uniformity in the beginning and ending of the terms of sheriffs over the state) is utterly frustrated. If we are to write in exceptions to the constitutional mandate, such as "except for the purpose of filling vacancies," or "except for terminating offices of sheriff filled by appointment prior to the expiration of such four year term," we will soon be electing sheriffs again in the same chaotic fashion as prior to the adoption of such amendment. This cannot be avoided by making the purported election of sheriffs, in case of vacancy, for two years, as that runs counter to the second sentence of Art. 6, §11, which provides the term of office of sheriff "shall be four years beginning upon the first day of January next following his election."

I am not unmindful of the general rule cited by appellee that the law favors the right of the voters to fill vacancies in elective offices, citing American Jurisprudence and C. J. S. However, the nature and purpose of this constitutional amendment as held in the *Kirkpatrick Case, supra,* described as being "not only to change the office of sheriff from two years to four years, but also to establish a definite and uniform cycle *for the beginning and ending* of all such terms throughout the state" (emphasis supplied) certainly takes priority over the general rule cited by appellee.

Appellee has raised the question as to the meaning of Art. 6, §2 of the Indiana Constitution, Amendment of 1952, which states:

"There shall be elected, in each county by the voters thereof, at the time of holding general elec-

tions, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, *Sheriff*, Coroner and Surveyor. . . ." (Emphasis supplied.)

This cannot mean that sheriffs or the other officers named are elected at *each* general election, as they are all now four-year offices, but simply that such officers are elected at general elections. Again, we should not read into this constitutional amendment words not there appearing or intended. Art. 6, §2, has no bearing on the case before us for determination, and no one has advanced any plausible contention to the contrary.

It is accordingly my view that relator's complaint in quo warranto stated a good cause of action as against appellee's demurrer, and that the judgment of the lower court should be reversed with directions to overrule the demurrer to the complaint.

Emmert, J., concurs in this opinion with separate opinion.

### SEPARATE OPINION

EMMERT, J.—I concur in the opinion by my Brother Landis, but under §2-3232, Burns' 1946 Replacement, each Judge participating must write his separate opinion.

The issue here is whether a Sheriff appointed by reason of the death of his predecessor holds for the remainder of the decedent's unexpired term. I believe the provisions of §11 of Article 6 as amended in 1948 make it clear the appointee so holds.

There is no need to restate the Amendment. In *Kirkpatrick* v. *King* (1950), 228 Ind. 236, 243, 91 N. E. 2d 785, we held the clearly expressed purpose of the Amendment was to extend the term to four years, and to establish a definite uniform cycle "for the beginning and ending of all such terms throughout the state."

Before the adoption of the Amendment some Sheriffs did not begin their terms until more than a year after their election, and one Sheriff began his term in the middle of November after his election. No doubt the General Assembly and the voters who ratified the Amendment appreciated the fact that nominations and elections cost time and money, and that it would be in the public interest to permit a new Sheriff at least to get acquainted with the duties of his office before he was compelled to make another race for the second term. Moreover, the Amendment definitely fixed when the term of each elected Sheriff should begin.

This Amendment by its explicit terms supersedes every provision of the Constitution in conflict therewith, and no statute can add to or vary its terms. "In construing constitutional provisions, a rule of general acceptance is 'that which is expressed makes that which is silent to cease.' *Gougar* v. *Timberlake* (1897), 148 Ind. 38, 48, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. 487." *State* v. *Patterson* (1914), 181 Ind. 660, 664, 665, 105 N. E. 228. This court later approved this rule of construction in *Robinson* v. *Moser* (1931), 203 Ind. 66, 71, 179 N. E. 270, and *In re Petition of Justice of the Peace Assn. of Ind.* (1958), 237 Ind. 436, 147 N. E. 2d 16, 19. See also 5 Ind. Law Cyc., §11, p. 276.

The Amendment very carefully provided for the elections of Sheriffs every four years, and when no President of the United States was to be elected. This policy served to stimulate interest in the so-called "off year" general elections, and to make the election of a Sheriff in no wise dependent upon national issues. Electing a Sheriff for the remainder of an unexpired term would thwart the policies of and causes for the Amendment, which were deemed in the public interest and sufficient for its adoption.

I fail to find any expressed policy in the Constitution which would require an appointment plus an election during what would otherwise be the unexpired term of a constitutional officer except §18 of Article 5 of the Constitution, but this is limited to State officers and Judges of courts of superior general jurisdiction.

> "When, during a recess of the General Assembly, a vacancy shall happen in any office, the appointment to which is vested in the General Assembly; or when, at any time, a vacancy shall have occurred in any other State office, or in the office of Judge of any court; the Governor shall fill such vacancy, by appointment, which shall expire, when a successor shall have been elected and qualified." Section 18, Article 5, Constitution of Indiana.[1]

The effect of this provision could be to establish a new cycle for four-year State offices. If the Sheriff's Amendment had intended an appointment only extended until the next general election, it would have said so.

When amended §11 of Article 6 became effective, it excluded the election of Sheriff at any other times than the general election of 1950 and each four years thereafter. No statute can change the times for elections. A Sheriff elected for the remainder of an unexpired term would still be Sheriff of the county. There is only one time in any four-year period for the election of a Sheriff of a county, and that is at the election the Amendment provides. Any other time makes the election void.

I would reverse the judgment.

NOTE.—Reported in 151 N. E. 2d 499.

---

1. Vacancies in the General Assembly must be filled by elections. "He shall issue writs of election to fill such vacancies as may have occurred in the General Assembly." Section 19, Art. 5, Ind. Const.