## BEALE *v.* THE STATE, EX REL. GRAY.

49   41
152  481

OFFICE.—*County Treasurer.*—*Appointment.*—Where a county treasurer, whose term would have expired on the 26th day of August, 1875, vacated his office on the 4th day of September, 1874, a person appointed treasurer on the same day could only hold the office until his successor was elected and qualified, and he was properly required to deliver the office to a person elected treasurer at the regular October election in 1874.

From the Rush Circuit Court.

*G. B. Sleeth, J. W. Study, L. Sexton,* and *C. Cambern,* for appellant.

*F. Bigger* and *B. L. Smith,* for appellee.

PETTIT, J.—The case is briefly this : On the 4th day of September, 1874, the county treasurer vacated his office, whose term had commenced on the 26th day of August, 1873, and would have continued till the 26th day of August, 1875, had he not vacated it. On the day of the vacation, the board of county commissioners filled the office, and said in their order of appointment that the appointee should hold the office to the end of the term that had been vacated. The Governor, however, commissioned the appointee to hold the office till a treasurer should be elected and qualified. At the regular October election, in 1874, a treasurer was elected, who qualified, was commissioned by the Governor on the 2d day of November, 1874, to hold his office for two years from that date, and properly demanded the office, etc.

The question before us is, was the appointed treasurer entitled to hold to the end of the term that had been vacated, or was he bound to surrender the office on the election and qual-

ification of a successor? The office is a constitutional one, and the term of an elected treasurer is fixed at two years. Art. 6, sec. 2. The constitution fixes the length but not the beginning of the term of an elected treasurer. At the first session of the General Assembly after the adoption of the constitution, on the 4th of June, 1852, it was enacted that the term of office of the county treasurer shall commence at the expiration of the term of the present incumbent. 1 G. & H. 640, sec. 1. At the same session of the General Assembly, on the 13th day of May, 1852, it was enacted that the board of commissioners shall fill all vacancies in county offices not otherwise provided for, and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general election. 1 G. & H. 671, sec. 4. The constitution fixes the term of the elected treasurer at two years, and the law fixes the term of the appointed one to be till his successor is elected and qualified, at which time it expires or ends.

The court committed no error in holding, as it did, that the term of the appointed treasurer expired and terminated on the election, qualification, and demand of the office by the elected treasurer.

The judgment is affirmed, at the costs of the appellant.