## Moser v. Long.

PROSECUTING ATTORNEY.—*Circuit Prosecutor.—Constitutional Law.*— The office of the prosecuting attorney of a circuit court is one provided for by the constitution, which fixes the term of office at two years ; and the Legislature can neither abolish the office nor abridge the term thereof.

SAME.—*Circuit Districting Act of 1873 Construed.—Effect of, on Prosecuting Attorneys.*—The act of March 6th, 1873, 1 R. S. 1876, p. 380, dividing "the State into circuits for judicial puposes, * * abolishing the courts of common pleas," etc., by implication provided that prosecuting attorneys of the several judicial circuits theretofore existing should continue to discharge their duties, as such, in the several circuits in which, under the new districting, they happened to reside.

SAME.—*Election of Prosecutor in 1873.*—Section 82 of such act contemplated the election, on the second Tuesday of October, 1873, of prosecuting attorneys for such new circuits only as had no prosecuting attorney residing within them, on the taking effect of the act.

SAME.— *Vacancy.—Appointee.*—Upon the resignation of a prosecuting attorney residing within a circuit created by such act, and the appointment of his successor by the Governor, after the taking effect of such act but prior to the second Tuesday of October, 1873, such appointee was entitled to hold the office until the election of his successor at the election held on the second Tuesday of October, 1874.

SAME.—The election of a successor to such appointee on the second Tuesday of October, 1873, was invalid.

SAME. — *Commission.* — A circuit prosecuting attorney elected at the general election in October, 1872, resigned, and his successor was appointed in April, 1873 ; such successor was elected as his own successor on the second Tuesday of October, 1873, and re-elected on the second Tuesday of October, 1874, and commissioned for terms ending respectively November 12th, 1875, and November 12th, 1877, but resigned on the 12th day of October, 1876. On the 14th day of November, 1876, the Governor, to fill the supposed vacancy, appointed A., who had been elected on the second Tuesday of October, 1876, and had been commissioned to serve for the two years expiring November 12th, 1879. On the second Tuesday of October, 1878, B. was elected and commissioned to serve for the two years commencing November 12th, 1878.

*Held,* in an action by B. against A., that, regardless of the dates fixed by A.'s commissions, B. was entitled to the office from Nov. 12th, 1878.

*Held,* also, that the appointment of A. of November 14th, 1876, was a nullity.

From the Knox Circuit Court.

*S. W. Short, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellant.

*J. S. Pritchett* and *H. Burns*, for appellee.

WORDEN, J.—This was an amicable suit, instituted for the purpose of determining which one of the parties is entitled to the office of prosecuting attorney of the Twelfth Judicial Circuit of the State. The case was submitted on an agreed statement of the facts, as provided for by the statute. 2 R. S. 1876, p. 190, sec. 386.

The court, upon the facts agreed upon, found that the appellee, Long, was entitled to the office, and rendered judgment accordingly.

Moser excepted, and appeals.

As preliminary to a statement of the facts agreed upon, it is proper to observe, that, in 1872, the county of Daviess constituted a part of the Third Judicial Circuit; but by the act of March 6th, 1873, 1 R. S. 1876, p. 380, which took effect from and after its passage, that county became a part of the Twelfth Judicial Circuit.

The material facts agreed upon may be stated as follows :

1. At the October election, in 1872, Samuel H. Taylor was duly elected to the office of prosecuting attorney for the Third Judicial Circuit, and commissioned to serve for the term of two years from November 3d, 1872. He resided in Daviess county.

2. Taylor resigned the office April 18th, 1873, and on the same day John H. O'Neall was appointed by the Governor to fill the vacancy.

3. On the second Tuesday of October, 1873, John H. O'Neall was elected to the office of prosecuting attorney for the Twelfth Judicial Circuit, and was commissioned to serve for two years from November 12th, 1873.

4. At the general election held in October, 1874, O'Neall was elected to the same office, and commissioned to hold the same for two years from November 12th, 1875.

5. On October 13th, 1876, O'Neall resigned the office, and, on the 14th of November of the same year, Ephraim Moser, the appellant, was appointed and commissioned by the Governor to fill the vacancy.

6. At the general election, held in October, 1876, Moser was duly elected to the office, and commissioned to serve for two years from November 12th, 1877.

7. At the general election, held in October, 1878, Long, the appellee, was duly elected to the office, and commissioned to serve for two years from November 12th, 1878.

It may be assumed that when the Twelfth Circuit was created by the act of March 6th, 1873, above noticed, taking in Daviess county, Taylor became the prosecuting attorney of that circuit. The 86th section of the act provides, that "The present judges of the circuit courts residing in the circuits created by this act, shall be judges of said court for the circuits herein provided." But, unless we have overlooked it, there is no such provision in relation to prosecuting attorneys.

The office of prosecuting attorney is provided for by the constitution, and the term thereof is fixed at two years. Art. 7, sec. 11, Constitution.

The Legislature, therefore, can not abolish the office nor abridge the term thereof, by a change of judicial circuits or otherwise.

In the case of *The State* v. *Tucker*, 46 Ind. 355, this court said, in speaking of the act above mentioned, dividing the State anew into judicial circuits: "By implication, the persons holding the office of prosecuting attorney continued to act as such in the circuit in which they happened to reside according to the new districting."

We need not determine what might have been the result if two prosecuting attorneys had, by the new districting, been thrown into one circuit. We are not advised that such was the case here.

Taylor, then, by virtue of his election in 1872, and by virtue of the change of judicial circuits, throwing Daviess county into the Twelfth Circuit, became the prosecuting attorney for that circuit, and was entitled to hold the office for the term of two years from November 2d, 1872. But he resigned the office in April, 1873, and O'Neall was appointed by the Governor to fill the vacancy created by his resignation.

Now the question arises, whether the office thus held by O'Neall, by appointment, was properly filled by the election of 1873, or whether he held by the appointment until the office was filled at the regular biennial election of 1874.

The act above referred to abolished the court of common pleas, which had previously been in existence, and transferred the business thereof to the circuit courts. It divided the State anew into judicial circuits, and created, as was necessary, an increased number of circuits. In some of the circuits thus created, there were judges and prosecuting attorneys who continued to be judges and prosecuting attorneys in the new circuits in which they resided. In other circuits there were no such officers. In the latter cases, upon the taking effect of the act, it became the duty of the Governor to fill the vacancies by appointment. And it was provided by the 82d section of the act as follows:

"On the second Tuesday of October, 1873, a general election shall be held in the proper counties to elect judges and prosecuting attorneys in place of such judges and prosecuting attorneys as may be holding their office by appointment of the Governor, and such election shall be held and conducted under the laws and regulations governing general elections in this State."

It seems to have been the intention of the Legislature, that the offices of judge and prosecuting attorney in cir-

cuits created by that act, in which there were no such officers until supplied by the appointment of the Governor, should be filled at the election of 1873. As new circuits were created without judges or prosecuting attorneys, who were to be appointed by the Governor to hold until after an election, these seem to have been the circuits in which the Legislature intended that the election of 1873 should be held. The counties composing these circuits were "the proper counties" referred to in the section of the act above, quoted. The biennial elections held in the years 1872, 1874, 1876, etc., were the regular and ordinary elections to fill all vacancies in office, and such as were held under an appointment, and all offices the terms of which would expire before the next regular election.

The election of 1873 was an unusual and extraordinary one, provided for a particular purpose; and the act providing for it should not be construed to extend beyond the occasion which called it forth. It was not, as we think, in the mind of the Legislature, that some judges or prosecuting attorneys in the circuits in which those officers existed under the new districting of the State might die or resign, and their places be filled by an appointment, before the election of 1873; and we think the extraordinary election thus provided for should not be held to apply in such cases.

It follows that the election of 1873 may be eliminated, and not taken into consideration, in determining the question involved. O'Neall then held the office under his appointment of April 18th, 1873, until his successor was elected at the regular biennial election of 1874. He was then elected his own successor, and by virtue of that election became entitled to hold the office for two years from November 12th, 1874. The mistake or error in his commission did not change the beginning or termination of his term. *Shannon* v. *Baker*, 33 Ind. 390; *The Board of*

*Commissioners of Boone County* v. *The State, ex rel. Titus,* 61 Ind. 379.

At the general election in 1876, Moser was elected to the office. His term under the election commenced November 12th, 1876, when that of O'Neall terminated, and continued two years. O'Neall resigned his office a month before the expiration of his term, and Moser was, on November 14th, 1876, appointed. But this appointment seems to have been a nullity, because, two days before the appointment, Moser's term under his election commenced. Moser's commission should have run for the term of two years from November 12th, 1876, instead of 1877.

Long was duly elected at the general election of 1878, and his term commenced November 12th of that year.

The judgment below is affirmed, with costs.