WEAVER *v.* STATE, EX REL. SIMS, PROSECUTING
ATTORNEY.

[No. 18,916.    Filed April 21, 1899.]

OFFICERS.—*County Treasurer.—Appointment to Fill Vacancy.—Term. Construction of Act of March 8, 1897.*—A county treasurer elected at the general election in 1896 qualified and took the office on the 9th of January, 1897, and continued to act until October 11, 1897, when he was removed and another was appointed to fill the vacancy.  At the general election in 1898 a third person was elected, who qualified before January 1, 1899.  *Held*, that, under the act of March 8, 1897, (Acts 1897, p. 288), construed with section 2, article 6 of the Constitution, and section 5563 Horner 1897, the person elected at the general election in 1898 was entitled to the office on January 1, 1899.

152    479
154    647

152    479
163    162

152    479
d171   628

From the Elkhart Circuit Court.    *Affirmed.*

*J. M. Van Fleet, V. W. Van Fleet* and *H. C. Dodge,* for appellant.

*E. A. Dausman* and *W. J. Davis,* for appellee.

MONKS, C. J.—One Holdeman was duly elected, commissioned, and qualified as treasurer of Elkhart county, his term commencing January 9, 1897, at which date he took possession of the office, and continued to act therein until October 11, 1897, when he was removed from said office, and on the same day appellant was appointed to fill said vacancy. Appellant was commissioned and qualified, and entered upon the discharge of his duties on said day.    At the general election in November, 1898, one Wood was duly elected treasurer of said county, and on November 29, 1898, the Governor issued a commission in due form to said Wood to hold said office for the term of two years, commencing on January 1, 1899.    On December 24, 1898, he filed his bond in due form, and took and subscribed the oath of office as required by law.    On January 2, 1899, he duly demanded of appellant the possession of said office, with which demand appellant refused to comply, and excluded Wood from said office. At the time of the election of said Wood he was and at all times since has been eligible to hold said office.    The trial court held that Wood was entitled to said office, and rendered judgment ousting appellant therefrom.

Appellant insists that section 1 of an act approved March 8, 1897 (Acts 1897, p. 288), which provides "that the term of county treasurer shall begin on the first day of January next following the term of the present incumbent," referred to the two years term of office of the person in office when the act took effect, which in this case was Holdeman; that the word "term," used in said section, refers to the office, and not to the incumbent, and means the fixed period of two years for which the office may be held by one elected thereto, and that the removal of Holdeman in 1897, did not change or reduce

said term; that the term for which Holdeman was elected expired January 9, 1899, and the 1st day of January following would be January 1, 1900, and therefore that when Wood was elected in 1898, his term of office did not begin until the 1st day of January, 1900. If this insistence of appellant is correct, the trial court erred in adjudging that Wood's term of office commenced January 1, 1899.

The office of county treasurer was created by the Constitution, and the term fixed at two years and until his successor is elected and qualified. Section 2, article 6, and section 3, article 15, of the Constitution of 1851, being sections 152, 225 Burns 1894, sections 152, 225 Horner 1897; *Scott* v. *State, ex rel.*, 151 Ind. 556, and cases cited. The Constitution fixes the length of the term of office, but not when it shall commence.

At the first session of the General Assembly after the adoption of the Constitution of 1851, it was enacted "that the term of office of county treasurer shall commence at the expiration of the term of the present incumbent," (1 G. & H. Stat. 640), and this provision was reënacted in 1865. Acts 1865, p. 62, being section 7989 Burns 1894, section 5911 Horner 1897. At said first session of the General Assembly it was enacted that boards of county commissioners were authorized to fill all vacancies in county offices not otherwise provided for, and that "such appointment should expire when a successor is elected and qualified, who shall be elected at the next general election." Section 7579 Burns 1894, section 5563 Horner 1897.

In *Beale* v. *State, ex rel.*, 49 Ind. 41, it was held under said acts that, when a county treasurer, whose term would have expired on August 26, 1875, vacated his office on September 4, 1874, a person appointed on the same day could only hold until his successor was elected and qualified, and that the person elected treasurer at the general election of 1874 was, on being qualified, entitled to the office. It was contended in that

case that section 1 of the act of 1865, being section 7989, 5911, *supra,* fixed the commencement of the term of the person elected in 1874 at the expiration of the regular term, which was August 26, 1875. But the court held that he was, upon being qualified, entitled to the office. This was upon the ground that the term of the person in office when the general election of 1874 was held, he being appointed to fill a vacancy, was, under section 7579, 5563, *supra,* until his successor was elected and qualified; in other words, that section 7989, 5911, *supra,* must be applied to the term of office of the person in office at the time when the general election is held at which the successor is elected. If we apply this rule to this case, it is clear that the term of Wood as treasurer commenced January 1, 1899.

The object of the act of 1897 was so to change the law that the terms of all county treasurers in the State, whether elected in 1896 or at any general election thereafter, should commence on the 1st day of January; and this day was fixed because it was thought that less complication in the business affairs of the county would be caused by a change of treasurers on that day than on any other day of the year. Said act is a general law, not only to fix the time for the commencement of the terms of treasurers elected in 1896, whose terms had not commenced when said act took effect, but also the commencement of the terms of all treasurers elected thereafter.

At the time said act took effect, in March, 1897, the terms of a large number of the treasurers, elected at the general election of 1896, had not commenced, because the terms of those whom they were elected to succeed had not expired. In reading said act of 1897 to determine when the terms of such treasurers should commence, the words, "the term of the present incumbent," mean the term of the treasurers elected at the general election of 1894 whose terms had not expired when said act took effect; that is, it must be applied to the conditions existing at that time to determine when the terms of such treasurers commence.

By virtue of the provision of said act, the commencement of the terms of the treasurers elected in 1896, who were not in office when said act took effect, was postponed until the 1st day of January following the expiration of the terms of "the present incumbents," being the terms of those elected in 1894, and whose terms had not expired when the act took effect.   *Scott* v. *State, ex rel.,* 151 Ind. 556; *State, ex rel.,* v. *Harris, post,* 699.   If a treasurer elected in 1894 had died or resigned after the election of 1896, and before the expiration of his term, whether before or after the act of 1897 took effect, the person appointed to fill said vacancy would have held for the unexpired term of the person whom he was appointed to succeed; and, if such appointee had been in office when said act of 1897 took effect, the term of the person elected treasurer at the general election of 1896 would not have commenced until the 1st day of January after the expiration of the term of the person elected treasurer in 1894 and the appointee would have held until that time.   *State, ex rel.,* v. *Long,* 91 Ind. 351.   The words, "the term of the present incumbent," in said act, therefore only applied when it took effect to the terms of such treasurers as would expire before the next general election, and not to such as would hold beyond the next general election.   Holdeman being elected at the general election of 1896, and having taken his office before said act took effect, his term of office extended beyond the election of 1898, and said act, when it took effect, did not speak as to his term of office or apply thereto at that time.   To determine when the term of said Wood commenced, said act must be applied to the conditions existing at the time of his election, and not at the time the act took effect.   Appellant was appointed to fill the vacancy caused by the removal of Holdeman, before the election of 1898, and, as provided by section 7579, 5563, *supra,* his term of office was until his successor was elected and qualified.   Appellant was therefore "the present incumbent" when Wood was elected at the general election of 1898 to

succeed him. As the term of office of Wood could not commence until the 1st of January after the expiration of the "term of the present incumbent" (appellant), which was January 1, 1899, appellant was entitled to hold until that time, and no longer. *Scott* v. *State, ex rel.,* 151 Ind. 556; *State, ex rel.,* v. *Harris, supra.* Said act did not and does not change the time for the expiration of the term of any treasurer elected or appointed by lengthening his term or otherwise. It merely fixes the time for the commencement of the terms of all treasurers elected by the people, and if any treasurer holds beyond the time for which he was elected or appointed, it is either under the provisions of section 3, article 15, of the Constitution (being section 225 Burns 1894, section 225 Horner 1897, or section 7579, 5563, *supra.* It follows, therefore, that under said act of 1897, and section 7579, 5563, *supra,* and the provisions of the Constitution, the terms of all county treasurers elected by the people commence with the 1st day of January, and that the terms of all, whether elected at a general election or appointed to fill a vacancy, expire with the 31st day of December. Judgment affirmed.

Baker, J., took no part in the decision of this cause.