MARION COUNTY ELECTION BOARD ET AL. *v.*
O'BRIEN ET AL.

[No. 29,962. Filed September 26, 1960.]

38

*Donald M. Ream, Robert J. Rutherford, Smith & Yarling* and *Robert S. Smith,* all of Indianapolis, for appellants.

*Duge Butler, Jr.,* and *Ira Haymaker,* both of Indianapolis, for appellees.

BOBBITT, J.—This action was brought under the Uniform Declaratory Judgments Act, Acts 1927, ch. 81,

being §3-1101, *et seq.*, Burns' 1946 Replacement, to determine the right and duties of the Marion County Election Board and the members thereof, as they relate to the election of a Clerk of the Marion Circuit Court, at the general election to be held on November 8, 1960.

Because of the public interest and concern in the determination of this case, and the written request of all parties thereto so to do, it has been advanced on the docket for immediate consideration.

The situation which gives rise to the questions here presented is as follows:

On November 4, 1958, one Harry C. Gasper was elected Clerk of the Circuit Court of Marion County, Indiana, for a term of four years commencing on the first day of January, 1959, and ending on the 31st day of December, 1962. Mr. Gasper qualified as provided by law and assumed the duties of the office on January 1, 1959, and performed the duties thereof until his death on April 7, 1959.

On April 8, 1959, appellant, Edwin McClure, was duly appointed and commissioned by the Governor of Indiana to the office of Clerk of the Marion Circuit Court. He immediately qualified as provided by law and assumed the duties of such office, which he has continued to perform.

Trial was had by the court which found that a dispute existed between the parties to this action as to whether appellant, Edwin McClure, should serve the full unexpired term of the late Harry C. Gasper or whether an election for the office of the Clerk of the Marion Circuit Court should be held at the general election in 1960; and, if an election should be held, whether such newly elected clerk should serve for the unexpired portion of Mr. Gasper's term or a full term of four

years. The court further found that the "Indiana Constitution and laws require an election for said office to be held at the primary and general election of this year [1960]," and "that the person elected . . . shall serve for a full four-year term, beginning January 1, 1961."

The determinative question here presented is the validity of ch. 18, §1, p. 38, of the Acts of 1929, being §49-2702, Burns' 1951 Replacement, which is as follows:

"Whenever there has been or shall be a vacancy in the office of clerk of the circuit court of any county of this state, and when such vacancy shall have been or shall be filled by appointment, the person who is appointed to fill such vacancy shall hold office until the end of the term for which the predecessor of such appointee, whose unexpired term said appointee is serving, shall have been elected, and such appointee shall, without election, serve the full unexpired term of such predecessor."

Appellants herein assert that the question of whether or not a Clerk of the Marion Circuit Court should be elected at the general election to be held on November 8, 1960, is fully and completely answered by the provisions of §49-2702, *supra*, and that it is a valid enactment.

Appellees assert that such §49-2702, *supra*, is invalid as being in contravention of "various constitutional provisions," viz., Article 1, §1, Article 2, §14, Article 5, §18, Article 6, §2, and Article 6, §9, of the Constitution of Indiana.

The general rule applicable here is that the " 'Constitution provides the only standard for determining the validity of a statute,' " and in doing so the court will consider only the statute in question and the sections of the Constitution of Indiana with which it is asserted to be in conflict. *Hanley* v. *State Dept. of Conservation et al.* (1955), 234 Ind. 326, 332, 123 N. E. 2d 452, 126 N. E. 2d 879.

"It is the duty of the court to sustain the constitutionality of an act of the General Assembly if it can be done by a reasonable construction, and any doubt concerning the constitutionality of an act must be resolved in favor of its validity." 5 Ind. Law Encyc., Constitutional Law, §38, p. 310. *State, P. R. R. Co., et al. v. Iroq. Cons. Dist. Ct., et al.* (1956), 235 Ind. 353, 356, 133 N. E. 2d 848; *Wright-Bachman, Inc.* v. *Hodnett, et al.* (1956), 235 Ind. 307, 316, 133 N. E. 2d 713; *Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.* (1953), 232 Ind. 480, 483, 113 N. E. 2d 159.

The burden is upon appellees in this case to show wherein the statute here in question is invalid. *Weisenberger* v. *State* (1931), 202 Ind. 424, 431, 175 N. E. 238; *Hanley* v. *State Dept. of Conservation et al., supra* (1955), 234 Ind. 326, 332, 123 N. E. 2d 452, 126 N. E. 2d 879.

With these general rules as our guide, we will consider the sections of the Constitution of Indiana, as above-mentioned, in the order of their importance as they may pertain to the issues here presented.

*First:* We do not dispute "that all power is inherent in the People" as provided in Article 1, §1, *supra.* However, appellees have failed to show any facts to sustain their contention that §49-2702, *supra,* in any way violates or contravenes this or any other provision of Article 1, §1, *supra.*

However, in support of such contention appellees assert that "[t]he right to elect public officers, as provided in the Constitution is one which resides in the people as sovereign." We have no quarrel with this statement. The principle therein expressed is the very foundation of our form of government. However, we cannot see where any constitutional rights of appellees would be violated if a Clerk of the Marion Circuit Court

is not elected at the general election to be held in November of 1960.

In support of their position here appellees apparently rely upon *Enmeier* v. *Blaize* (1932), 203 Ind. 475, 482, 181 N. E. 1, wherein it is said:

"To elect such successor at the November election 1930 was a right of the people reserved by them in their Constitution."

This is a correct statement of the law as it applied to the factual situation in that case.

The Enmeier case involved the constitutionality of ch. 59 of the Acts of 1929, which attempted to extend the beginning of the term of certain offices, including the Clerk of the Knox Circuit Court, to the first day of January "next following the term of office of the present incumbent."[1] Appellee-Blaize was elected to a second term as Clerk of the Knox Circuit Court at the general election held in November of 1926. His term of office began February 25, 1928, and expired February 25, 1932, at which time he would have served for a period of eight consecutive years. Appellant-Enmeier was elected Clerk of the Knox Circuit Court at the November election in 1930, and duly commissioned by the Governor.

The Act there in question (ch. 59 of the Acts of 1929) would have extended the term of appellee-Blaize to January 1, 1933, thus making it unnecessary to hold an election for such office in 1930, and of postponing the election of a successor to the incumbent Blaize until the general election in November of 1932. At pages 481-482 of 203 Ind., page 3 of 181 N. E., this court said:

---

1. Acts 1929, ch. 59, §1, p. 157.

"But the incumbent appellee was elected at the general election in November, 1926, and, to comply with regularity in election of clerks of the circuit court in the election of appellee's successor, such successor should be elected at the general election four years thereafter, to wit: at the general election in November, 1930. To elect such successor at the November election 1930 was a right of the people reserved by them in their Constitution. This right of the people may not be taken from them or abridged, either directly or indirectly, by any agency or department of government."

To postpone the election of the Clerk of the Knox Circuit Court for more than four years was in direct violation of the provisions of Article 6, §2, *supra*, of the Constitution of Indiana, and this court correctly held that to elect a Clerk of the Circuit Court *every four years* was "a right of the people reserved by them in their Constitution." That is not the situation in the case now before us.

Gasper was elected Clerk of the Marion Circuit Court at the general election held in November of 1958, and if his successor is not elected until the general election four years thereafter, to-wit: at the general election to be held in November of 1962, no constitutional rights of the people will be abridged, either directly or indirectly. Such a procedure would be in full compliance with "regularity in the election of clerks of the circuit courts," and with the provisions of Article 6, §2, of the Constitution of Indiana.

Section 49-2702, *supra*, does not, under the factual situation presented here, violate any of the provisions of Article 1, §1, of the Constitution of Indiana.

*Second:* Article 6, §2, *supra*, of the Constitution of Indiana provides, in pertinent part, as follows:

"There shall be elected, in each county by the voters thereof, at the time of holding general elec-

tions, a Clerk of the Circuit Court, . . . The Clerk,
. . . shall continue in office four years; . . ."

This section of the Constitution provides only for
the election of the Clerk of the Circuit Court and other
officers with which we are not here concerned. It
neither mentions the filling of any vacancies which
might occur in these offices nor does it contain any
provision concerning the term for which any person
appointed to fill a vacancy shall serve.

As indicated hereinabove, §49-2702, *supra,* when ap-
plied to the facts in the present case, does not in
any way violate any of the provisions of Article
6, §2, *supra.*

*Third:* Article 2, §14, *supra,* provides for the hold-
ing of general elections on the "first Tuesday after the
first Monday in November."

Section 49-2702, *supra,* does not affect the holding of
a "general election" by the people of Marion County, as
provided by this section of the Constitution of
Indiana. This section of the Constitution is so
obviously not applicable to the facts in the pres-
ent case that it is unnecessary, in our judgment, to
discuss it further.

*Fourth:* Article 5, §18, *supra,* is concerned exclusively
with the filling of vacancies which occur in any office
the appointment to which is vested in the Leg-
islature, any other State office, and the office of
judge. The Clerk of the Circuit Court is neither a
judge, a State officer, nor is he elected by the
Legislature.

*Fifth:* Article 6, §9, *supra,* provides that:

"Vacancies in county, township, and town offices,
shall be filled in such manner as may be prescribed
by law."

"[T]he clerk of the circuit court is not a county officer but rather a circuit officer, . . ." *State ex rel. McClure, etc.* v. *Marion Sup. Ct. etc.* (1959), 239 Ind. 472, 158 N. E. 2d 264, 269.

Even if we were to concede, merely for the sake of argument, that the Clerk of the Circuit Court is a county officer, the Legislature has complied fully with the mandate of Article 6, §9, *supra,* by prescribing by law[2] for the filling of vacancies in the office of the Clerk of the Circuit Court. For these reasons the provisions of this section are not violated by §49-2702, *supra.*

*Sixth:* Appellees also urge our consideration of certain statutes in support of their position, viz., Acts 1945, ch. 208, §187, p. 680, being §29-4801, Burns' 1949 Replacement, and 1 R. S. 1852, ch. 115, §2, p. 512, being §49-404, Burns' 1951 Replacement.

Section 29-4801, *supra,* is as follows:

> "A general election shall be held on the first Tuesday after the first Monday in November in even-numbered years, at which election, all existing vacancies in office, and all offices the terms of which shall have expired or which will expire before the next general election thereafter, shall be filled, *unless otherwise provided by law.*" (Our italics.)

The Legislature has otherwise "provided by law" for the filling of vacancies in the office of the Clerk of the Circuit Court by the enactment of §49-2702, *supra,* and such section was not repealed or affected by the passage of the 1945 Act pertaining to vacancies in office.

Section 49-404, *supra,* is as follows:

> "Whenever any vacancy occurs in any circuit or district office commissioned by the governor, he

2. Acts 1929, ch. 18, §1, p. 38, being §49-2702, Burns' 1951 Replacement.

may fill such vacancy until filled by a qualified successor."

This Act does not attempt to provide when such "qualified successor" shall be elected. The Legislature has made such provision, however, by the enactment of §49-2702, *supra*.

We can find nothing in either of these Acts ▇ which in any way affects the validity of the Act here in question.

Appellees further assert that since §49-409, Burns' 1951 Replacement (1 R. S. 1852, ch. 115, §7, p. 512) which provides, that:

"Every person *elected* to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof.", (Our italics.)

has been held not to apply to offices created and the terms of which are fixed by the Constitution of Indiana,[3] the same rule should apply to any person who is ▇ *appointed* to fill a vacancy in such an office. This does not necessarily follow because the reason for the rule that "every person elected to fill any [constitutional] office in which a vacancy has occurred," does not exist in the case of persons who are appointed. The reason for the rule as applied to persons *elected* to fill vacancies in offices that are created by, and the terms of which are fixed by the Constitution arises because of the constitutional provision fixing the terms of offices therein created. Because of such constitutional provision, persons elected to such offices are entitled to hold them for the full term thereof, as fixed by the Constitution, and the Legislature cannot abridge this right by providing that they shall be elected for a

3. *Lake County Election Bd.* v. *State ex rel. Eyears* (1946), 224 Ind. 465, 68 N. E. 2d 787.

shorter term. There is no such constitutional provision pertaining to persons *appointed* to fill such vacancies. *The Governor* v. *Nelson* (1855), 6 Ind. 496; *The State ex rel. Cornwell* v. *Allen* (1863), 21 Ind. 516, 83 Am. Dec. 367; *Parmater* v. *The State, ex rel. Drake* (1885), 102 Ind. 90, 3 N. E. 382; *The State, ex rel. Hench* v. *Chapin* (1887), 110 Ind. 272, 11 N. E. 317; *Carson* v. *State, ex rel. Bath* (1896), 145 Ind. 348, 44 N. E. 360; *Lake County Election Bd.* v. *State ex rel. Eyears* (1946), 224 Ind. 465, 68 N. E. 2d 787.

The Constitution of Indiana makes no provision for the filling of vacancies in office, except such as is provided by Article 5, §18, *supra,* and Article 6, §9, *supra,* thereof. Neither is there any provision therein which fixes the term of persons appointed to fill vacancies in any office.

> The Constitution of Indiana is, therefore, silent as to the method of appointment or the term of office ▇ of any person appointed to fill a vacancy in a circuit office.

"Our Constitution is a limitation, and not a grant of power, and the people, through the General Assembly, may pass any law not violative of ▇ the limitations in the state or federal constitution." 5 Ind. Law Encyc., Constitutional Law, §21, p. 287.

"In Indiana, all legislative authority is vested in the General Assembly. Ind. Const. Art. 4, Sec. 1. The right to legislate is limited only by the restrictions expressly or impliedly imposed by the state constitution, the federal constitution and the laws and treaties made pursuant thereto." (Citing authorities.) *Hanley* v. *State Dept. of Conservation et al., supra* (1955), 234 Ind. 326, 332, 333, 123 N. E. 2d 452, 126 N. E. 2d 879.

Since there is no provision to be found in our Constitution which in any manner limits or restricts the term

of any person who is appointed to fill a vacancy in a circuit office, and since the Clerk of the Marion Circuit Court is a circuit officer, the Legislature may, by statute, determine the term of any person who is appointed to fill a vacancy in such office.

*Seventh:* We recognize that "[t]he right to elect public officers, as provided in the Constitution, is one which resides in the people as sovereign,"[4] and whenever possible the filling of vacancies in office by appointment should be avoided. Such is the general policy in Indiana. Under the factual situation as presented by the record here before us, the constitutional rights of the people of Marion County to elect a Clerk of the Circuit Court will not be violated or abridged if an election therefor is held in November of 1962. Such an election will comply with the normal cycle of four years for the election of Clerks of the Circuit Court as provided by Article 6, §2, *supra,* of the Constitution of Indiana.

It was within the power of the Legislature to create an exception to the general policy[5] that vacancies in office should be filled by election at the earliest opportunity, and it has done so by the enactment of §49-2702, *supra. The State ex rel. Yancey* v. *Hyde* (1889), 121 Ind. 20, 36, 22 N. E. 644.

Other cases cited by appellees in their brief concern the tenure and filling of vacancies in county offices under the provisions of 1 R. S. 1852, ch. 115, §4, p. 512, being §49-405, Burns' 1951 Replacement, and are not controlling in the present case. For this reason further consideration of them would only extend this opinion

---

4. *Enmeier* v. *Blaize* (1932), 203 Ind. 475, 480, 181 N. E. 1.

5. For power of Legislature to determine public policy see: *Hogston* v. *Bell* (1916), 185 Ind. 536, 545, 112 N. E. 883; *Russell* v. *Johnson* (1943), 220 Ind. 649, 665, 46 N. E. 2d 219; 72 C. J. S., Policy, p. 213.

unnecessarily. Neither are other cases[6] in Indiana pertaining to the filling of vacancies in office applicable here.

The Constitution of Indiana having made no provision concerning the filling of vacancies in the office of the Clerk of the Circuit Court or the tenure of ▉ any person appointed thereto, the Legislature, representing the people and exercising the power reserved to them, may, by law, provide for the filling of vacancies in the office of Clerk of the Circuit Court by appointment and fix the tenure of the appointee, within the limits of the constitutional four-year term.

For the foregoing reasons it is our considered judgment that §49-2702, *supra,* is a valid enactment of the Legislature; that it is now in full force and effect ▉ and governs the term for which appellant-McClure was appointed to fill the vacancy that then existed in the office of the Clerk of the Marion Circuit Court; that no vacancy presently exists in such office; that no election therefor shall be held on November 8, 1960; and that appellant, Edwin McClure, shall serve as Clerk of the Marion Circuit Court until December 31, 1962.

Because of the result which we have reached it is unnecessary to consider other questions presented.

The judgment of the trial court is reversed, and the clerk of this court is ordered to certify this opinion to the Marion Circuit Court forthwith.

---

6. *Douglass* v. *The State, on the relation of Wright* (1869), 31 Ind. 429; *Beale* v. *The State ex rel. Gary* (1874), 49 Ind. 41; *Moser* v. *Long* (1878), 64 Ind. 189; *The State, ex rel. Ault* v. *Long* (1883), 91 Ind. 351; *Parmater* v. *The State, ex rel. Drake* (1885), 102 Ind. 90, 3 N. E. 382; *Parcel* v. *The State, ex rel. Lowrey* (1887), 110 Ind. 122, 11 N. E. 4; *The State, ex rel. Hench* v. *Chapin* (1887), 110 Ind. 272, 11 N. E. 317; *State, ex rel. Culbert* v. *Linkhauer* (1895), 142 Ind. 94, 41 N. E. 325; *Carson* v. *State, ex rel. Bath* (1896), 145 Ind. 348, 44 N. E. 360; *Weaver* v. *State, ex rel.* (1899), 152 Ind. 479, 53 N. E. 450.

*Note:* There have been three Attorney Generals' opinions given on the question of filling vacancies in the office of Clerk of the Circuit Court: Opinion No. 104, 1951, McManamon, Attorney General, and Opinion No. 4, 1960, Steers, Attorney General, holding that the appointee shall serve the remainder of the term of his predecessor; while Opinion No. 58, 1952, McManamon, Attorney General, holds to the contrary.

Achor and Arterburn, JJ., concur.

Landis, J., concurs with opinion.

Jackson, C. J., dissents with opinion.

## CONCURRING OPINION

LANDIS, J.—I concur in the majority opinion written by Judge Bobbitt.

However, I believe it should be noted that a somewhat similar question was before this Court in the recent case of *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499, the only difference being that the cited case involved the question of the duration of an appointment to fill a vacancy in the office of county sheriff, rather than that of clerk of the circuit court. From the standpoint of logic as well as from a reading of the opinion of the Court itself in the case before us, it is clearly demonstrated that the result would have been the same for a county officer such as county sheriff as for clerk of the circuit court.

In fact, appellees' contention in the case at bar that the result reached in the opinion this day handed down by the Court would violate Art. 6, §2 of the Constitution of Indiana, was also made in *State ex rel. Thomas* v. *Williams, supra,* but was refuted in my separate opinion therein (concurred in by Emmert, J.), which stated at

pages 417, 418, of 238 Ind., and pages 503, 504, of 151 N. E. 2d:

"Appellee has raised the question as to the meaning of Art. 6, §2 of the Indiana Constitution, Amendment of 1952, which states:

'There shall be elected in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, *Sheriff*, Coroner and Surveyor. . . .' (Emphasis supplied.)

"This cannot mean that sheriffs or the other officers named are elected at *each* general election, as they are all now four-year offices, but simply that such officers are elected at general elections. Again, we should not read into this constitutional amendment words not there appearing or intended. Art. 6, §2, has no bearing on the case before us for determination, and no one has advanced any plausible contention to the contrary."

However, it should be noted that in *State ex rel. Thomas* v. *Williams, supra,* a majority of this Court failed to agree and the Court divided two to two (one Judge not participating) in separate opinions written on said question pursuant to Burns' §2-3232 (1946 Repl.),[1] with the result that the lower court's decision was affirmed holding the appointment of a county sheriff to fill a vacancy did not allow the appointee to hold over during the four-year term for which his predecessor was elected, but only until the next general election. As my opinion in said cause, concurred in by Emmert, J., is in harmony with the views expressed in the case before us, I submit it should be approved and the contrary opinion disapproved.

1. Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240.

## DISSENTING OPINION

JACKSON, C. J.—I cannot agree with the conclusions reached by the majority opinion herein. The appellants here, plaintiffs below, instituted an action in the Marion Circuit Court against the appellees, defendants below, under the provisions of the uniform Declaratory Judgments Act, Acts of 1927, ch. 81, being §3-1101 *et seq.,* Burns' 1946 Replacement, praying that the Acts of 1929, ch. 18, §1, being §49-2702 Burns' 1951 Replacement be declared constitutional. The issues were closed by appellees filing their separate and several answers in denial to the complaint; trial was had by the Marion Circuit Court without the intervention of a jury. The finding and judgment of the trial court, omitting the caption, reads as follows:

"The court, having had this case under advisement, finds that on November 4, 1958, Harry C. Gasper was duly elected Clerk of the Marion Circuit Court, 19th Judicial Circuit, that he was duly commissioned, and on January 1, 1959, qualified and assumed the office; that on April 7, 1959, said Harry C. Gasper died, creating a vacancy in such office; that on April 8, 1959, Edwin McClure was appointed by the Governor of Indiana to fill the vacancy, and became the Clerk of the Marion Circuit Court, 19th Judicial Circuit, by qualifying and taking over the duties of the office; that he received a commission from the Governor to serve as such Clerk until such time as his successor is duly elected and qualified; that the Supreme Court of Indiana affirmed such appointment as lawful.

"The court further finds that a dispute has arisen between the parties to this suit as to whether said Edwin McClure shall serve the full unexpired term of the late Mr. Gasper, which would end on December 31, 1962, or whether an election for said office should be held in the general election this year to elect a Clerk of the Circuit Court in this county, and, if so, whether such newly elected clerk should serve for two or four years.

"The court, being duly advised, finds and declares the law to be:

"1. That the office of the clerk of the Marion Circuit Court is a constitutional office.

"2. That Edwin McClure was duly appointed and is a de jure officer.

"3. That the Indiana Constitution and laws require an election for said office to be held at the primary and general election of this year.

"4. That said McClure was appointed to serve until his successor is duly elected this year and qualifies.

"5. That the clerk of the Marion Circuit Court shall receive declarations of candidacy in the forthcoming primary election from qualified voters of political parties, including defendants herein.

"6. That the Marion County Election Board shall cause primary elections to be held for the said office of Clerk of the Marion Circuit Court, 19th Judicial Circuit, and a general election in the fall for such office, of the year 1960.

"7. The court further declares the law to be that the person elected this year in the general election shall serve for a full four-year term, beginning January 1, 1961.

"8. This court cites as controlling the law in this matter the case of Lake County Board of Election Commissioners vs The State ex rel Eyears, 224 Ind. 465.

"WHEREFORE, IT IS SO ORDERED, CONSIDERED, ADJUDGED AND DECREED, costs vs plaintiffs."

The finding and judgment is in effect a finding and judgment that the statute in question is unconstitutional.

As stated in the majority opinion the determinative question was the validity of ch. 18, §1, p. 38 of the Acts of 1929, being §49-2702 Burns' 1951 Replacement.

The Act above cited applies only to the Clerk of the Circuit Court and only particularly distinguishes that

office or officer from 1 R. S. 1852, ch. 115, §7, p. 512 being §49-409 Burns' 1951 Replacement which reads as follows:

"Term.—Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

This court has heretofore uniformly held that the last quoted statute applies with full force and effect to all offices created by the General Assembly, but it has been held to be unconstitutional and void in so far as it may be thought to apply to offices created, and the terms of which are fixed by our State Constitution. See: *Lake County Election Bd.* v. *State ex rel. Eyears* (1946), 224 Ind. 465, 468, 68 N. E. 2d 787, and cases there cited.

The opinion of the Attorney General, 1952, pp. 230 and 231 reads in part as follows:

"In the case of Enmeier v. Blaze (1931), 203 Ind. 475, 481, 181 N. E. 1 the Supreme Court of this state had before it the question of the validity of the statute seeking to delay the beginning of the term of certain constitutional offices in order to provide uniformity of succession of office.

"The court in holding that that statute was in violation of the constitution as it applies to clerks of the circuit court said:

'. . . The spirit of the Constitution is to avoid vacancies in the office of clerk of the circuit court, as well as vacancies in the other offices named in Art. 6, §2; and to avoid, as far as possible, the necessity of filling vacancies in offices by appointment; and also, to avoid holding over by an elected officer, after the expiration of the term of office, except and until his successor shall have been elected and qualified. (Art. 15, §4, Constitution.) . . .'

"There have been a number of cases construing Section 7 of Chapter 115 of 1 R. S. 1852, same being Burns' 49-409, which provides that every person elected to fill any office shall hold it for the

unexpired term thereof. This statute has been repeatedly held invalid in as far as it applies to appointees to fill vacancies in constitutionally created offices. See: *Lake County Election Board* v. *State ex rel. Eyears* (1946), 224 Ind. 465, 468, 68 N. E. 2d 787; *Weaver* v. *State ex rel. Sims* (1899), 152 Ind. 479, 53 N. E. 450. See also 1948, O. A. G. 75 and Official Opinion No. 28 of this year.

"Section 1 of Chapter 18 of the Acts of 1929, same being Burns' 49-2702 provides specifically that persons appointed to fill vacancies in the office of Clerk of the Circuit Court shall hold for the unexpired portion of that term. This is manifestly subject to the same infirmity, the statute on changing the beginning of terms and the general statute on the subject of the duration of terms are. Therefore, on the basis of the authority heretofore cited, it is my opinion that pursuant to constitutional mandate it is proper for an election for clerk to be held in Jay County in the 1952 general election."

I am in full accord with the reasoning of the Attorner General's opinion as above expressed. The appellant here, Edwin McClure, was appointed to his present office, and there seems to be even less justification to sustain an appointment than an election, as by so doing, the will of the electorate can be and is thereby thwarted.

This court has heretofore said in the case of *Lake County Election Bd.* v. *State ex rel. Eyears, supra:*

". . . This being an office created by, and the term of which is fixed by the State Constitution, the appointee can be only a *pro tempore* official. He will fill the vacancy until his successor is elected at the next general election and thereafter duly qualifies. *State ex rel. Culbert* v. *Linkhauer* (1895), 142 Ind. 94, 41 N. E. 325; *Beale* v. *The State ex rel. Gray* (1874), 49 Ind. 41; *Douglass* v. *The State ex rel. Wright* (1869), 31 Ind. 429."

The majority opinion, in my opinion, overrules ruling precedents of our jurisprudence of more than one hundred years' standing. The judgment of the trial court should be affirmed, in holding that the Acts of 1929, ch. 18, §1, p. 38 being §49-2702 Burns' 1951 Replacement is unconstitutional; and modified, to hold that an election for the office of Clerk of the Marion Circuit Court should be held in the year 1960 for the unexpired term of the late Harry Gasper, which term ends on the 31st day of December, 1962.

NOTE.—Reported in 169 N. E. 2d 287.