HAGGERTY *v.* MARION COUNTY ELECTION BOARD ET AL.

[No. 30,605. Filed September 22, 1964.]

*James F. Kelley,* of Indianapolis, for appellant.

*Robert J. Fink,* of Indianapolis, for appellees.

## SEPARATE OPINION.

ARTERBURN, J.—This is an appeal from an action brought by the appellant against the appellee for a declaratory judgment for an interpretation of certain sections of the constitution and statutes of the State of Indiana pertaining to the filling of vacancies in the office of sheriff and for the placing of such office on the ballot for an election.

The facts, as stipulated, are that James Hiner was elected in the November general election of 1962 to the office of sheriff of Marion County for a term of four years, to expire December 31, 1966. He assumed the duties of that office on January 1, 1963 and died on September 27, 1963, leaving a vacancy in that office. On October 1, 1963, the commissioners of Marion County met and appointed Robert Fields to fill the vacancy. Robert Fields posted bond, qualified and as-

sumed the duties of sheriff accordingly. The appellants contend that Fields could only serve until a sheriff was elected at the next general election, which is in 1964, and did not have the right to serve through the entire remaining unexpired term of James Hiner, i.e., until December 31, 1966.

The appellee, Marion County Election Board, upon demand, refuses to place the office of sheriff of Marion County on the ballot in the primary and general elections of 1964. Upon stipulated facts, the trial court sustained the position of the Election Board, and held that Robert Fields is entitled to serve as sheriff by virtue of his appointment, until December 31, 1966.

The legal issue here, in my judgment, is the same as that in *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499, in which the court there divided evenly. As demonstrated in the opinions of each member of the court in that case at that time, this question is a difficult and close one of interpretation, with little help to be drawn from the constitution or precedent in this state. I am inclined to adopt the reasoning and views set forth by Judges Landis and Emmert in that opinion, since I believe it is given some additional support by the case of *Marion County Election Board* v. *O'Brien* (1960), 241 Ind. 36, 169 N. E. 2d 287.

For the reasons stated, I would affirm the judgment of the trial court.

Myers, J. has heretofore declared himself disqualified to participate in the decision of this court.

Achor, C. J. and Jackson, J. are of the opinion that the decision of the trial court should be reversed, while Arterburn and Landis, JJ. are of the opinion that the decision of the trial court should be affirmed.

The four judges participating being equally divided, normally under Burns' §2-3232, this cause should be continued to the next term, and then if the judges should be equally divided, the judgment should be affirmed. However, in this case both sides in open court agreed to waive this delay in view of the pending election.

A motion to dismiss the appeal was filed herein. However, in view of the fact that the judgment of the trial court must be affirmed under the circumstances, the petition to dismiss is overruled.

Accordingly, by reason of an even division of the judges of the court participating in this appeal, the judgment of the trial court is affirmed.

The separate opinions of each of the judges of this court follow.

## SEPARATE OPINION.

ACHOR, C. J.—I would reverse the decision of the trial court for the reasons which I stated comprehensively in a separate opinion in the case of *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499.

The case of *Marion County Election Board* v. *O'Brien* (1960), 241 Ind. 36, 169 N. E. 2d 287, is cited in a separate opinion as in supporting the decision of the trial court. A consideration of that case is therefore made necessary.

It is true that in O'Brien, *supra*, this court held that an appointee to a vacancy in the office of *Clerk* of the Circuit Court was entitled to hold office for the full unexpired term of his predecessor. However, our decision in that case was based upon the fact that:

"The Constitution of Indiana having made no provision concerning the filling of vacancies in the office of the Clerk of the Circuit Court or the tenure of any person appointed thereto, the Legislature representing the people and exercising the power reserved to them, may, by law, provide for the filling of vacancies in the office of Clerk of the Circuit Court by appointment and fix the tenure of the appointee, within the limits of the constitutional four-year term." [p. 50.]

The statute which this court held to be controlling in that case, provides:

"Whenever there has been or shall be a vacancy in the office of clerk of the circuit court of any county of this state, and when such vacancy shall have been or shall be filled by appointment, the person who is appointed to fill such vacancy shall hold office until the end of the term for which the predecessor of such appointee, whose unexpired term said appointee is serving, shall have been elected, and such appointee shall, without election, serve the full unexpired term of such predecessor." Acts 1929, ch. 18, §1, p. 38, being §49-2702, Burns' 1951 Repl.

Therefore, this court in the O'Brien case, *supra*, held that, as provided in the above statute, the person appointed to fill the vacancy in the office of clerk should serve the full unexpired term of that office.

The constitutional and statutory provisions governing the filling of a vacancy in the offices of clerk and *sheriff* are altogether different, however.

Article 6, §2, in effect holds that "the time of holding general elections," is proper for the election of a sheriff.[1]

---

1. "There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, *Sheriff*, Coroner and Surveyor. . . ." Art. 6, §2, Indiana Constitution. [Emphasis added.]

Article 6, §11, provides for a fixed four-year cycle in the office of sheriff.

Article 6, §9, provides that vacancies in the office of sheriff "shall be filled in such manner as may be prescribed by law."

Section 49-405, Burns' 1951 Replacement, provides:

"The board of county commissioners shall fill all (other) vacancies in county or township offices, except such township or other offices the vacancies in which are otherwise provided for; and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general or township election, as the case may be, proper to elect such officers." [1 R. S. 1852, ch. 115, §4, p. 512.]

Thus it is reasonable to conclude that the O'Brien case, *supra,* tends to support the position of the appellant rather than the appellee in this case since that case sustains the statutory provision for filling vacancies in the office of clerk and appellants seek to sustain the statutory provision for filling vacancies in the office of sheriff.

It is my opinion that the constitution and the supporting statutes clearly support appellant's position in this case; and that the reasoning in the O'Brien case, *supra,* further supports that position; but, if, as stated in the separate opinion of Judge Arterburn, "this question is a difficult and close one of interpretation, with little held to be drawn from the constitution or precedent in this state," then in my opinion the generally recognized and long established public policy should prevail—that vacancies in elective public office be filled by election at the earliest date proper for such election. *Enmeier* v. *Blaize* (1932), 203 Ind. 475, 181 N. E. 1; 67 C. J. S., Officers §53(b) p. 217.

The fact that under a special constitutional provision the officer elected merely serves for the unexpired term of the office is not negatory of the general rule.

Jackson, J., concurring, with separate opinion.

## SEPARATE OPINION.

JACKSON, J.—This is an appeal from an adverse decision of the Marion Circuit Court in an action instituted therein by Judson F. Haggerty as a registered qualified voter of Marion County, Indiana, on behalf of himself and all others similarly situated as appellant against the Marion County Election Board, Edwin McClure, Robert S. Smith, Charles E. Johnson and each of them, for a declaratory judgment for an interpretation of certain sections of the constitution and statutes of the State of Indiana, as they pertain to the filling of vacancies in the office of Sheriff and the time for placing said office on the ballot for election.

The parties stipulated the facts as follows: James Hiner was elected in the November general election of 1962 to the office of Sheriff of Marion County for a term of four (4) years, to expire December 31, 1966. He assumed the duties of that office on January 1, 1963. Sheriff Hiner died on September 27, 1963, leaving a vacancy in the office of Sheriff. On October 1, 1963, the commissioners of Marion County, Indiana, met and appointed Robert Fields to fill the vacancy in the office of Sheriff of said county. Thereupon, on that day Robert Fields posted bond, qualified and assumed the duties of Sheriff.

Thereafter, appellant sought to have the Marion County Election Board place the office of Sheriff on the ballot in the 1964 elections. A majority of such

Board advised appellant that they would not put the office of Sheriff on the ballot in either the primary or general elections of 1964.

Thereupon, on the 31st day of December, 1963, appellant filed his complaint for a declaratory judgment in the Marion Circuit Court, in which complaint he set out the facts as aforesaid and the sections of the Constitution and Statutes applicable and prayed for judgment requiring the office of the Marion County Sheriff be placed on the ballot in the primary and general elections of 1964.

To this complaint appellees filed an answer denying all allegations of fact in appellant's complaint. Appellant and appellees then entered into an agreed stipulation as to all the facts of this case, leaving only the question of law to be decided by the court. This sole issue stated in its simplest terms is:

"1. When a vacancy in the office of County Sheriff is filled, does the appointee serve out the balance of the term for which his predecessor was elected, or does he only serve until the next general election at which time said office is placed on the ballot to be filled by the voters of the County?"

Trial was had to the court, without the intervention of a jury, resulting in a finding and judgment for appellee, which reads in pertinent part as follows:

"1. That Robert Fields is the duly appointed and lawful Sheriff of Marion County, Indiana, having heretofore been appointed on October 1, 1963, to fill the unexpired term of James O. Hiner, deceased, whose term would have expired December 31, 1966.

"2. That said Robert Fields is entitled to serve the full unexpired term of James O. Hiner, or until December 31, 1966.

"3. That defendants herein are correct in not holding and refusing to hold an election for the office of Sheriff of Marion County, Indiana, either in the Primary or General Elections in 1964.

"4. That Plaintiff's contention is incorrect, and that the law is contrary thereto.

WHEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Robert Fields is the duly appointed and lawful Acting Sheriff of Marion County, Indiana, and is entitled to serve as such by virtue of his appointment until December 31, 1966, which is to fill the unexpired term of James O. Hiner, deceased.

/s/ John L. Niblack"

Appellant filed motion for a new trial, which motion was overruled and this appeal was thereupon perfected. The Appellant's motion for new trial was on the single ground:

"The decision of the court is contrary to law."

Appellant's assignment of errors is the single specification:

"1. The Court erred in overruling appellant's motion for a new trial."

The sections of the constitution and the statutes applicable to the case at bar are as follows:

Article 6, Section 2, Constitution of Indiana, as amended November 4, 1952, reads as follows:

"§2. Designated county officers—Terms.— There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, Sheriff, Coroner and Surveyor. The Clerk, Auditor, Recorder, Treasurer, Coroner and Surveyor shall continue in office four years; and no person shall be eligible to the office of Clerk, Auditor, Recorder, Treasurer or Coroner more than eight years in any period of twelve

years: Provided, That the Treasurer of each county re-elected at the general election in 1952 shall continue in office until January 1, 1957 and shall not be eligible for re-election to the office of County Treasurer at the general election in 1956."

Article 6, Section II, Constitution of Indiana, adopted in 1948 reads as follows:

"§11. County sheriff—Election—Term of office.—Notwithstanding any other provision hereof, the Sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such Sheriff shall be four years beginning upon the first day of January next following his election and no person shall be eligible to such office more than eight years in any period of twelve years: Provided, however, that any elected Sheriff who shall hold said office on December 31, 1950, and who shall have been elected to said office for a period of less than two consecutive years immediately preceding, shall continue in said office for the four year term commencing January 1, 1951."

Art. 6, §9, Constitution of Indiana, reads as follows:

"§9. Vacancies in local offices.—Vacancies in county, township, and town offices, shall be filled in such manner as may be prescribed by law."

Pursuant to this section the General Assembly enacted 1 R. S. 1852, ch. 115, §4, p. 512, being §49-405 [11614] Burns' 1951 Replacement, which reads as follows:

"Vacancies filled by county commissioners.— The board of county commissioners shall fill all (other) vacancies in county or township offices, except such township or other offices the vacancies in which are otherwise provided for; and such

appointment shall expire when a successor is elected and qualified, who shall be elected at the next general or township election, as the case may be, proper to elect such officers."

Acts 1945, ch. 208, §187, p. 680, being §29-4801, Burns' 1949 Replacement, reads as follows:

"Date of holding general election—What offices filled.—A general election shall be held on the first Tuesday after the first Monday in November in even-numbered years, at which election, all existing vacancies in office, and all offices the terms of which shall have expired or which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law."

Appellant and appellees cite and rely on *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499 as dealing with the same constitutional and statutory provisions present for determination in the case at bar. I agree with the reasoning and result of Judge Achor's separate opinion in the case at bar, and, as expressed in his separate opinion in the *Williams* case, *supra,* disagree with the reasoning and views set forth by Judge Landis and Judge Emmert in that opinion. I would further point out that the cited case, being one in which the court divided evenly, is no authority and does not establish any precedent, the effect thereof being only to affirm the decision of the trial court, in effect by default.

The case of *Marion County Election Board* v. *O'Brien* (1960), 241 Ind. 36, 169 N. E. 2d 287, lends no support to the cited case *State ex rel. Thomas* v. *Williams, supra.* The *O'Brien* case, in addition to the infirmities pointed out in the dissent thereto, was construing a statute [Acts 1929, ch. 18, §1, p. 38, being §49-2702, Burns' 1951 Replacement] applicable only to the office of Clerk, and not to the office of Sheriff, hence

it lends no weight or authority to sustain either the *Williams* case, *supra*, or the separate opinions contra to this separate opinion in the case at bar.

The controlling precedent for the case at bar is found in the case of *Lake County Election Bd.* v. *State ex rel. Eyears* (1946), 224 Ind. 465, 468, 68 N. E. 2d 787.

It is perhaps only coincidence that again this court and the Marion Circuit Court have denied the voters of Marion County an opportunity to elect an official to fill a vacancy created by death and thereby deprived them of their civil rights. The decision of the Marion Circuit Court should be reversed and the cause remanded with instructions to sustain appellant's motion for a new trial.

### Separate Opinion.

LANDIS, J.—It is my view that the judgment of the lower court should be affirmed in accordance with the opinion of Judge Arterburn, but as Burns' §2-3232 (1946 Repl.),[1] requires each participating judge in case of an equal division of the judges to write an opinion, this opinion is now submitted.

The question presented in this case is whether a sheriff appointed to fill a vacancy in such office upon the death of the regularly elected sheriff, holds over for the full unexpired term of his predecessor, or whether the appointment continues only until a sheriff can be elected at the next intervening general election. The lower court's ruling was that he held office for the remainder of the unexpired term of his predecessor (which here continued until 1966) and that there was no error in refusing to allow the office to be placed

---

1. Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240.

on the ballot in 1964. The lower court's judgment was correct in my opinion and should be affirmed, in view of the provisions of §11, Art. 6 of the Constitution of Indiana.

In the case of *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499, which involved precisely the same question, it was my opinion and that of Judge Emmert in a two to two division of the judges of this Court that the pertinent provisions of the Constitution of Indiana[2] and the statutes constured in harmony therewith required this construction. The reasoning in such two opinions in my judgment properly disposes of this appeal and I respectfully refer to those opinions for a correct analysis of the questions now before this Court.

However, I also desire to point out that much of the opposing point of view in the *Thomas* case (opinion by Judge Achor concurred in by Judge Bobbitt) as set forth at p. 408 of 238 Ind., p. 499 or 151 N. E. 2d, was subsequently rejected by this Court when it handed down the opinion in *Marion County Election Board* v. *O'Brien* (1960), 241 Ind. 36, 169 N. E. 2d 287.

In the *Thomas* case the opinion of Judge Achor had stated (p. 412 of 238 Ind., p. 501 of 151 N. E. 2d):

> *"These constitutional provisions* [Art. 6, §§2 and 11] *are compatible if we construe them to*

---

2. Art. 6, §11 of the Constitution of Indiana provides:
"Notwithstanding any other provision hereof, the Sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such Sheriff shall be four years beginning upon the first day of January next following his election . . . ." Art. 6, §2 thereof provides:
"There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, *Sheriff*, Coroner and Surveyor. . . ." (Emphasis supplied.) Art. 6, §9 thereof provides:
"Vacancies in county, township, and town offices, shall be filled in such manner as may be prescribed by law."

*mean . . .* regular elections for sheriff shall be held in the years 1950, 1954, 1958, etc., and *special elections to fill vacancies may be held for the remainder of the unexpired terms of such offices on other years* [1952, 1956, 1960] *when general elections are held. Thus, and only thus, could sheriffs 'be elected . . . at the time of holding general elections,' . . . .*" (Emphasis supplied. )

However, *O'Brien* construes Art. 6, §2, differently, as the opinion states at p. 44 of 241 Ind., p. 290 of 169 N. E. 2d:

". . . *if his successor* [the clerk] *is not elected until the general election four years thereafter, . . . no constitutional rights* of the people *will be abridged,* either directly or indirectly. *Such a procedure would be in full compliance* with 'regularity in the election of clerks of the circuit courts,' and *with the provisions of Article 6, §2 of the Constitution of Indiana.*"

The subsequent *O'Brien* case differs only from the *Thomas* case and the instant case in that it involved the clerk of the circuit court in lieu of the county sheriff[3] but as both offices are governed by Art. 6, §2, it is particularly significant that we held in the later *O'Brien* case that Art. 6, §2, of the Constitution of Indiana was not violated by the decision that the appointed clerk held over for the full unexpired term of his elected predecessor.

As pointed out in my concurring opinion in *O'Brien* at p. 51 of 241 Ind., p. 294 of 169 N. E. 2d, we must now necessarily be deemed committed to the proposition that Art. 6, §11, *supra,* of the Constitution of

---

3. The fact there is statutory provision for filling vacancies in the office of clerk of the circuit court and providing for the duration of such appointments, does not here distinguish the office of clerk from that of county sheriff, as it is elementary that statutes cannot modify or change constitutional provisions.

Indiana is not limited by Art. 6, §2, *supra*, but puts county sheriffs on a four year cycle as it was intended to do (see *Kirkpatrick* v. *King et al.*, 1950, 228 Ind. 236, 243, 91 N. E. 2d 785, 788), and that a sheriff appointed to fill a vacancy upon the death of a regularly elected sheriff, holds over for the full unexpired term of his predecessor.

The judgment of the trial court being correct should be affirmed.

NOTE.—Reported in 201 N. E. 2d 274.